BLACKFORD, J.
This was an action of debt against the plaintiffs in error, commenced before a justice of the peace. The action is founded on a bond executed by Olds as a constable, and the other defendants as his sureties, conditioned that Olds would faithfully discharge the duties of his office. The bond was filed with the justice as the cause of action. Process was duly served on the defendants, all of whom failed to appear, and the justice rendered judgment against them by default. The defendants appealed.
In the Circuit Court, the defendants moved the Court to dismiss the cause for want of a sufficient cause of action, which motion was overruled. The parties filed an agreed ease, upon which judgment was rendered for the plaintiff.
The following are the facts: On the 11th of June, 1839, a justice of the peace appointed Olds a constable, who filed the bond we have' already mentioned, was sworn into office, and acted as such constable until the 1st of March, 1840. On the 15th of November, 1839, a judgment of the justice was rendered in favour of Brooldns against one Sloan for $19.00, and. on the 18th of the same month, an execution directed to Olds as constable issued on the judgment, and was duly put into his hands. Before the return day of the execution, Olds collected the money due on the execution, but has neither returned the execution, nor paid the money- collected. The present suit against Olds was commenced on the 16th of March, 1840. He acted as constable by no other authority than the appointment we have mentioned, which was made to supply a vacancy occasioned by the resignation of one of the regularly appointed constables. The appointment of Olds was not for any special case, and *the bond was given under his general appointment. At the time the appointment was made and the bond given, and at the time the judgment was *98 rendered and execution issued, there were two regularly appointed and qualified constables in the township, competent to discharge the duties of constable in the said case, and in all others in the township.
C. H. Test, for the plaintiffs.
J. 8. Nevmian, for the defendant.
The cause was submitted to the Court and judgment rendered for the plaintiff.
The first error assigned is the refusal of the Circuit Court to dismiss the cause. There was no error in this refusal. As the cause originated before a justice of the peace, the bond filed was a sufficient cause of action. Evans v. Shoemaker, 2 Blackf., 237; Vandagrift v. Tate, 4 Id., 174. Besides, the objection not being made before the justice, came too late.
The second assignment of error is, that the justice had no authority to make the appointment, and the bond was ■ consequently void. This objection is fatal. A justice of the peace may appoint a constable in any special case, when he deems it necessary, pro hao vice. Rev. Stat., 1838, p. 145. So, if there be no constable in the township, or none able to act, the justice may appoint one to serve until the disability be removed, or there be one regularly' appointed. Id., 376. But the facts before us do not bring the case within either of those statutes; and there was, therefore, no authority for the appointment. It follows, that both the appointment and the bond are void. Wilson v. Hobday, 4 M. & Selw., 121; Commonwealth v. Jackson’s ex’or. et al., 1 Leigh, 485.(1)
Per Curiam.—The judgment is reversed at the costs of the relator. Cause remanded, &c.

 The Hustings Court of WUliamsburgh, without any authority of law for the act, appointed a collector of the public taxes for the city, and took his bond with surety for the due collection, &c., payable to the Governor and his successors. Held, that the bond was not valid and obligatory on the surety. Commmwealth v. Jackson’s ex’or. et al., cited in the text.