Nov. Term,
1843.                         KREGER *v.* OSBORN and Others.

KREGER        To a declaration in trespass charging that the defendant assaulted, seized,
v.                violently pulled and dragged about, struck, and imprisoned the plaintiff, a
OSBORN.           plea justifying the arrest and imprisonment by virtue of legal process, is
                  bad.
              The plea in such case should show that the acts of violence were rendered
                  necessary by the resistance of the plaintiff.
              A *capias ad respondendum* issued by a justice of the peace, without an affida-
                  vit, against a person not a resident and householder of his county, operates
                  as a summons, and does not justify an arrest and imprisonment.
              A party who causes a magistrate to issue, and the magistrate who issues,
                  legal process, are not responsible for the unlawful manner of serving it,
                  unless they participate in the unlawful act.

*Tuesday,*         ERROR to the *Clay* Circuit Court.
*January* 30,       DEWEY, J.—Trespass by *Kreger* against *Osborn, Reed, Bai-*
1844.
                *ley,* and *Moss.* The declaration contains two counts. The
                first count alleges that the defendants assaulted, seized, vio-
                lently pulled and dragged about, struck with many blows,
                and imprisoned the plaintiff. The second count charges an
                assault and battery and imprisonment of the plaintiff by the
                defendants. *Moss* pleaded separately the general issue and
                a justification. The latter, after specifying the trespasses
                mentioned in the first and second counts, and alleging them
                to be one and the same trespass, sets forth that *Kreger* was
                indebted to *Reed* and *Bailey* on a promissory note made by
                him; that they applied to *Osborn,* a justice of the peace, to
                issue process against *Kreger* on the note; that *Osborn* issued
                a *capias ad respondendum* directed to *Moss,* a constable, com-
                manding him, &c.; that he, *Moss,* gently laid his hands on
                *Kreger* and arrested him by virtue of the writ, and carried
                him before the justice as he was commanded, and thereby
                necessarily imprisoned him. *Osborn, Reed,* and *Bailey* join-
                ed in the general issue, and also in a special plea like that
                of *Moss,* with the additional allegation, that *Kreger* was not
                a resident and householder of the county where the process
                issued. The plaintiff demurred generally to both special
                pleas, and the demurrers were overruled. Final judgment for
                the defendants.
                   We cannot sustain this judgment. Admitting, for the pre-
                sent, that the writ authorized the arrest and imprisonment of
                *Kreger,* the special plea of *Moss* is clearly bad. The writ

was no justification of the violence alleged to have been committed upon *Kreger* in dragging him about and striking him. To justify these acts resistance to the officer was necessary, and should have been alleged in the plea. If no such violence took place, not guilty should have been pleaded to that part of the declaration alleging it, and a justification to the rest. 1 Saund. 296, n. 1.—*Phillips* v. *Howgate*, 5 B. and Ald. 220. But in our opinion the writ conferred no power upon the constable to arrest *Kreger*. The act abolishing imprisonment for debt provides, that special bail shall in no case be required, unless the affidavit, prescribed by the statute, shall be first made. Laws of 1842, p. 68. No affidavit appears to have been made before the arrest of *Kreger*. It is true, the statute does not expressly prohibit the arrest of a debtor on an ordinary *capias ad respondendum*. But as no special bail can be required in such case, an arrest would be futile. The statute is a virtual prohibition of an arrest when the required affidavit is wanting. We are aware of the difficulty arising from a comparison of this statute, thus construed, with the twenty-fifth section of the justices' act. That section makes a *capias ad respondendum* the proper and only process in all cases where the defendant is not a resident and householder of the county where the process issues. It authorizes the arrest of the debtor, and his immediate conveyance before the justice ; and it requires the justice to hold him to special bail, or to imprison him if bail is refused. The law of 1842 expressly repeals all laws and parts of laws which conflict with its provisions. That the authority, given by the justices' act to the constable to arrest a debtor, and take him before the justice, and to the justice to hold him to bail or imprison him, is repealed, admits not of a doubt. But if the whole of the twenty-fifth section be considered as repealed, it follows that a justice of the peace has no authority to issue any process against persons not residents and householders of his county. This, certainly, was not designed to be the effect of the law abolishing imprisonment for debt ; and there is nothing in that law absolutely inconsistent with the right of a justice to *issue* the ordinary *capias ad respondendum*. We think the difficulty may be obviated by viewing this kind of process as lawful, but as operating only

as a summons. There is nothing new in the idea of viewing a *capias ad respondendum* in the character of a mere summons. In ordinary personal actions, the Circuit Courts issue no other kind of process; and the writ, when bail is not required, has always operated in that character. As the justice's *capias ad respondendum* against a person not a resident and householder is a *forthwith*, it must, hereafter, until the legislature shall see fit to give a more appropriate process, be considered as a summons to appear immediately before the justice, who can fix the day of trial in the manner heretofore practised when the arrest and imprisonment were lawful; and the defendant must take the consequences if he does not appear on the appointed day. It is needless to remark that the constable, having nothing but a summons against *Kreger*, had no authority to arrest and imprison him. And there is really no hardship upon the constable in this view of the subject, for he was bound to know, that no form of civil process from a justice of the peace, which did not show that the affidavit of fraud required by the statute of 1842 had been made, could authorize him to arrest and imprison a person.

It follows from what has been said, that the special plea of the other defendants is no justification of any of the injuries complained of in the declaration. But it should be remarked, that, if they did nothing more than cause to be issued and to issue the *capias ad respondendum* against *Kreger*, he not being a resident and householder of the county where it issued, they are not trespassers. It has been shown that the writ was legal process, though it did not authorize an arrest and imprisonment. And neither a party who procures, nor the magistrate who issues legal process, is accountable for the manner in which it is executed, however unlawful that may be. To render them joint trespassers with the officer who executes the writ, they must participate, either by assisting, commanding, or advising, in his improper conduct.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. M. Hanna*, for the plaintiff.

*J. Cowgill* and *E. W. M'Gaughey*, for the defendants.