ELLIS and Others *v.* THE STATE on the Relation of JAMES, School Commissioner.

Debt on a bond payable to the state for the use of township schools in *Posey* county, and conditioned for the faithful discharge of the obligor's duties as school commissioner of said county. Cause was continued from term to term, when an amended declaration was filed. The defendants moved to have the original writ read, which was refused. They then moved to reject the amended declaration, which motion was overruled. Defendants made default, and interlocutory judgment for the plaintiff. *Held,* that the bond was given under the statute of 1838, and correctly made payable to the state. *Held,* also, that its being given for the use of township schools, instead of for the use of congressional townships within the county, was not a material mistake. *Held,* also, that the motion to reject the amended declaration was properly overruled. *Held,* also, that no cause appearing for the refusal to have the writ read, this Court will presume that the refusal was correct.

*Held,* that on inquiry as to the amount of damages after judgment for the plaintiff by default, the jury could not, no matter what the proof was, find for the defendants.

*Held,* that the fact that the plaintiff had recovered judgment on another bond against other persons, for the same cause of action, was no bar to the suit.

*Monday,
November* 25.

ERROR to the *Posey* Circuit Court.

BLACKFORD, J.—This was an action of debt brought by the state against *Ebenezer Phillips* and others. The suit was commenced in 1843, and was founded on a bond executed on the 2d of *March*, 1841. The bond was payable to the state, for the use of township schools in *Posey* county, and was conditioned for the faithful discharge, by said *Phillips*, of his duties as school commissioner of said county. The process was duly served on all the defendants. The cause was continued from term to term until *March* term, 1847, when an amended declaration was filed.

This amended declaration commences as follows: *The State of Indiana*, on the relation of *Enoch R. James*, school commissioner of *Posey* county, complains of *Elisha Ellis* and others (naming them) of a plea, &c. For that, whereas, heretofore, in the lifetime of *Ebenezer Phillips*, now deceased, the defendants made their writing obligatory, &c.; which bond is defective in not being made payable

to the state of *Indiana* for the use of congressional townships in the county of *Posey*, and not being conditioned for the delivery, &c.

The declaration also alleges, that said *Ebenezer Phillips* was school commissioner of said county, from the 2d of *March*, 1841, until the 26th of *September*, 1842; that, on the last named day, he had in his hands 10,000 dollars, which he had received as such commissioner; that, on said last named day, at said county, the office of school commissioner became vacant, and said *James* was then appointed such commissioner, and has continued to be such commissioner ever since.·

The declaration further alleges a demand by said *James*, as school commissioner as aforesaid, on ˙said *Phillips*, for said money, and the latter's refusal to pay.

On the calling of the cause at said *March* term, 1847, the defendants moved to have the original writ read, which motion was refused. The defendants also moved the Court to reject the amended declaration, but the motion was overruled. On a subsequent day of the same term, the defendants, being called, made default; and the Court being satisfied that the process had been duly served, rendered interlocutory judgment for the plaintiff.

On the execution of the writ of inquiry, the defendants proved that the plaintiff, at that same term, had recovered judgment in a suit for the same cause of action with that now sued for. The suit in which that judgment was rendered was against different defendants from the present ones, and was founded on a separate bond. The record contains all the evidence given in the cause.

The defendants asked the Court to give a certain instruction to the jury, which we will presently notice; but the instruction was refused.

The jury assessed the plaintiff's damages at 3,000 dollars; motion to set aside the inquisition overruled; and judgment rendered for the damages assessed.

The defendants' first objection to these proceedings is, that the bond is void, because it is given for the use of township schools in *Posey* county.

This bond was executed under the statute of 1838, which statute requires that bonds in such cases should be payable to the state for the use of congressional townships within the county. R. S. 1838, p. 510. The bond before us is correctly made payable to the state; and the only mistake in it is, that it is given for the use of township schools, instead of for the use of congressional townships, within the county. This mistake, we think, is not material. It is clearly embraced by the statute, by which certain defects in bonds made payable to the state are cured. According to that statute, if bonds embraced by it have not the substantial matter required by law, the obligors shall not, on that account, be discharged. R. S. 1838, p. 450. The suggestion of the defect in the bond, which the statute requires to be made in such cases, is here made by the plaintiff in the declaration. The case of *Marshall et al.* v. *The State*, 8 Blackf. 162, relied on by the defendants, is a different case. The bond then in question was executed under the statute of 1836, and was not required to be made payable to the state. The statute of 1838, therefore, as to the defective bonds, did not apply to the case.

The second objection made is, that the amended declaration should have been rejected. The ground of the objection does not appear to have been shown to the Circuit Court. The cause now stated why the declaration should have been rejected is, that the words "for the use of the inhabitants of congressional townships," &c., was struck out of the declaration, and that, in lieu thereof, the words " on the relation of *Enoch R. James*, school commissioner of *Posey* county," were inserted as an amendment. The act of 1842 (Acts of 1842, p. 110), continued in force by the act of 1843 (Acts of 1843, p. 1026), authorized this amendment. By that act of 1842, no suit, by any officer or person, for the benefit of a school-fund, shall be dismissed for any defect, in form or substance, of the declaration, provided an amended declaration be filed. There is also another statute which authorized the amendment, which statute enacts that the

Court may give leave to amend any pleading, either in <span>Nov. Term,</span> form or substance, for the furtherance of justice, at the <span>1850.</span> costs of the party amending. R. S. 1843, p. 713. We <span>ELLIS</span> must presume that the costs were paid or their payment <span>v.</span> <span>THE STATE.</span> waived, the record not showing the contrary.

There is a third objection mentioned, namely, the over-ruling of the motion to read the writ. We are not informed of the cause of refusal to have the writ read. It may be, that at the time the motion was made, it was too late, under the statute, to plead in abatement. R. S. 1843, p. 706. If so, the motion was rightly overruled. We must, at all events, presume, the contrary not appearing, that the refusal was correct. This third objection is not insisted upon by the defendants' counsel in his brief.

The fourth objection is, that the Court refused to instruct the jury as follows: "That if it is proved by testimony or the admission of the plaintiff, that she has already recovered against others, to-wit, the former sureties of *E. Phillips*, a judgment for the same subject matters that this suit is brought for, they will find for the defendant."

The first objection to this instruction is, that it says that if there was certain proof, the jury would find for the defendants. As this was merely an inquiry as to the amount of damages, after a judgment for the plaintiff by default, the jury could not, no matter what the proof was, find for the defendants. There is, however, another objection to this instruction. The mere fact that the plaintiff had recovered a judgment on another bond against other persons, for the same cause of action, is no bar to this suit. If both bonds are valid (and neither of them is objected to), the plaintiff had a right to proceed in both suits until he obtained satisfaction of the amount to which he was entitled. This case is similar to that where several suits are brought against each of the parties to a joint and several note or bond. In such cases, a judgment in one of the suits is no bar, of itself, to any of the other suits. *Blumfield's* case, 5 Coke's Rep. 86.— *Wise et al.* v. *Prowse*, 9 Price, 393. Mr. *Chitty* says: "It is settled, that

when two persons are severally, as well as jointly, bound in a bond, and one of them be taken in execution in a separate action, the other may nevertheless be sued, because the taking another's person in execution, is but the mere security for the payment of a debt, and not a valuable satisfaction of it." Chitty on Bills, 570. This doctrine applies to the case before us. There can be no difference, in principle, whether the several persons sued for the same cause of action are bound by the same instrument or by different ones.

The last objection made is, that the Court ought to have set aside the inquisition. This objection rests entirely on the weight of evidence. We have examined the evidence carefully, and are fully satisfied of its sufficiency to sustain the assessment of damages.

*Per Curiam.*—The judgment is affirmed with costs, &c.

*J. Pitcher*, for the plaintiffs.

*J. G. Jones*, for the defendant.