## TRIMBLE *v.* THE STATE.

A recognizance taken by the sheriff for the appearance of a person indicted, to answer the accusation, is not void, under the R. S. 1843, from the circumstance, alone, that the amount of bail required was not indorsed on the process.

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.—*Charles Sanders* was indicted in the *Decatur* Circuit Court for burglary. He was arrested by the

*Nov. Term, 1851.*

TRIMBLE
v.
THE STATE.

*Tuesday, December 2.*

Nov. Term,
1851.

TRIMBLE
v.
THE STATE.

sheriff, and was discharged from the arrest by giving a recognizance for his appearance at the next term of the Court to answer to said indictment.  *James H. Trimble* was his surety in the recognizance.  *Sanders* failed to appear; a default was taken; and the present suit is a *scire facias* against *Trimble*, surety, on said recognizance.

*Trimble* obtained oyer of the recognizance, and pleaded that when the same was taken by the sheriff he had no lawful right, power, or authority to take it, or the acknowledgment thereof, " for this, to-wit, that said sheriff, at the time he" did said acts, " had no writ, or warrant of commitment, or other process whatever, against said *Sanders*, whereon any amount of bail required was specified or otherwise; wherefore said defendant says said recognizance was void," &c.

To this plea a general demurrer was sustained, and the state had judgment.

In support of the plea, *Trimble* relies on the following statutory provisions, R. S. p. 989:

" Sec. 22.  It shall be the duty of the Circuit Court, at each term thereof, to make an order for the amount in which persons indicted shall be held to bail; and it shall be the duty of the clerk, on issuing process, to indorse thereon the amount of bail thus required.

" Sec. 23.  If no such order of bail shall have been made, the officer to whom such writ is directed, may present the same, if the offense be bailable, to any associate judge of the county, either before or after the arrest of the defendant; and such judge shall indorse thereon the amount in which such officer shall take bail of such defendant, and bail may be taken by the officer accordingly."

The state relies upon section 34, p. 991, of the same statutes, to sustain the decision of the Court holding the plea insufficient, which section is:

" No action or proceedings on a recognizance, by *scire facias* or otherwise, shall be barred or defeated, nor shall judgment thereon be defeated or arrested by reason of any neglect or omission to note or record the same, or

any matters connected therewith; nor by reason of any defect in the form of the recognizance, if it sufficiently appear from the tenor thereof, and from the proceedings or otherwise, at what Court the party was bound to appear, and that the Court or magistrate before whom it was taken was authorized by law to take such recognizance, and that such party was in default in violation of the condition of his recognizance."

The sheriff has no power to fix the amount of bail; and a recognizance wherein said amount was fixed by him, would, therefore, probably be void. But the sheriff has a right to take a recognizance in a sum fixed by the Court, or an associate judge; and when he does take one in such a sum, we do not think it void by reason of an omission, in the proper officer, to indorse such sum upon the writ. The plea, in this case, did not deny that the amount of bail had been fixed by the proper authority, nor that the sheriff took it in the amount fixed; but it simply denied that the amount had been indorsed upon the writ, and was, therefore, as we think, insufficient. The consequence is, that the judgment below must be affirmed with costs (1).

*Per Curiam.*—The judgment is affirmed with costs.

*A. Davison*, for the appellant.

*J. S. Scobey*, for the state.

*Nov. Term, 1851.*

TRIMBLE
v.
THE STATE.

(1) The Statute of 12 Geo. 1, c. 29, prohibited the sheriff from arresting the defendant for a debt, unless "the debt was *sworn to* by the plaintiff, and the sum *sworn to* be due and for which the defendant was holden to bail was *marked* on the writ." The declaration upon a bail-bond did not aver that the debt was *sworn to*, nor that the writ was thus *marked;* and, upon demurrer, it was insisted that unless both had been done, the bail-bond was void. The Court of *King's Bench* held that it was not requisite to the validity of the bail-bond that *either* should have been done. *Whiskard* v. *Wilder*, 1 Burr. 330.

And where a bail-bond was taken by the sheriff in a larger amount than was authorized by the statute, it was held that this did not invalidate the bond. Id.—*Norden* v. *Horsley*, 1 Wils. 69.

The statute was, in these cases, construed to be merely directory.