MYERS *v.* THE STATE.

In an action upon a recognizance taken and approved by a sheriff, the facts which authorized him to take the recognizance should be averred in the complaint.

APPEAL from the *Allen* Circuit Court.

WORDEN, J.—This was an action by *The State* against *Knott*, *Kistler*, and *Myers*, on a recognizance.

The recognizance appears to have been entered into before *William Fleming*, sheriff of *Allen* county, and is conditioned for the appearance of *Knott* at the next term of the Circuit Court, to answer to a charge of larceny. *Myers* demurred to the complaint, but the demurrer was overruled, and he excepted. Such farther proceedings were had as that final judgment was rendered for the plaintiff.

*Myers* only appeals.

We are of the opinion that the complaint is insufficient, and that the demurrer thereto should have been sustained.

It does not appear, either by averment or inference, that *Fleming* had arrested *Knott* by virtue of any warrant for that purpose, or that he had any other authority to take the recognizance in question. The facts which authorized the sheriff to take the recognizance should have been shown. *Blackman* v. *The State*, 12 Ind. 556.

*Per Curiam.*—The judgment, as to *Myers*, is reversed, and the cause remanded.

*D. H.* and *John Colerick*, for the appellant.