Byers et al. *v.* The State ex rel. Hutchison.

BYERS *et al. v.* THE STATE *ex rel.* HUTCHISON.

CONSTITUTIONAL LAW.—The fourth and fifth sections of the Bastardy act, 2 G. &. H. 625, so far as they require the defendant to enter into recognizance to appear, &c., in order to prevent his imprisonment, are unconstitutional and void, because a prosecution for bastardy is founded neither on a criminal nor penal statute, and is a proceeding to enforce a mere civil obligation, for the non-performance of which the defendant can not be imprisoned.

BASTARDY BOND.—A bond given to avoid imprisonment for bastardy is without valid consideration, and void.

BONDS.—Where a bond or recognizance is taken by an officer or Court, acting simply under statutory power, the instrument must be authorized by the statute, or it will be void; and a complaint upon such an instrument must affirmatively show that it was taken in a case where the law authorized it.

APPEAL from the *Clinton* Circuit Court.

PERKINS, J.—This was a suit upon the following obligation:

"STATE OF INDIANA, *Clinton* County, *ss.*

"The undersigned are bound to the State of *Indiana* in the the sum of 400 dollars, subject to the condition following: Whereas, in a proceeding by the State on the relation of *Jane D. Hutchison* against the undersigned, *Joshua D. Byers*, on a charge of bastardy, before *Joseph Baum*, a justice of the peace of *Jackson* township, *Clinton* county, *Indiana*, the said justice has this day required the said *Joshua D. Byers* to enter into this recognizance-bond. Now, if said *Joshua D. Byers* shall appear in the Circuit Court of *Clinton* county, on the first day of the next term, to answer the said charge, and shall not depart said Court without leave, and shall abide the

judgment and orders of said Court in the premises, then this bond shall be void.

"J. D. BYERS.     [SEAL.]

"J. B. DOUGLASS. [SEAL.]

Dated the 30th day of *April,* 1861.

Approved by me the day and year aforesaid.

"JOSEPH BAUM, Justice." [SEAL.]

The Court overruled a demurrer to the complaint, and, after issues of fact were formed and tried, there was final judgment against the defendants.

The question arises upon the demurrer.

Was the bond sued on a valid obligation? It was executed in a bastardy case to save the defendant from imprisonment in the county jail; and if a prosecution for bastardy is not founded on a criminal or a penal statute, but is simply for the enforcement of a civil obligation, then the bond was executed to escape imprisonment for debt in the ordinary acceptation of that term.

That the bastardy act is neither a criminal nor a penal statute is settled by numerous decisions in *Kentucky,* of whose statute on the subject, ours is a copy. 1 M. and H. Dig. It has been thus treated in this State; *The State* v. *Evans,* 19 Ind. 92, and *Walker* v. *The State,* 6 Blackf. 1; and such an act has been held, in *Iowa,* to impose simply a civil obligation, to create a debt, for the collection of which, under a constitution forbidding imprisonment for debt, such imprisonment is unlawful. *Holmes* v. *The State,* 2 Green's Iowa Rep. 501.

The bond, then, which was the foundation of the present suit, was required and taken by the magistrate without authority of law, because the statute authorizing it was unconstitutional, and so far void, and not law; and, further, the bond was, we may say, forbidden by the constitution, the par-

amount law, and, hence, was taken, not only without law, but in violation of law; and the question arises, can such a bond be enforced under any circumstances? We think not. Such a bond is without a valid consideration, and that fact is a bar to an action upon it. Indeed, it is the settled law of this State, that where a bond or recognizance is taken by an officer or Court, acting simply under statutory power, the instrument taken must be authorized by the statute or it will be void, and in suing upon such instrument the complaint must set out the facts showing that the bond or recognizance was taken in a case where the law authorized it; and, in many cases, it must appear that it was taken exactly, or substantially, in accordance with the statutory power. *Myers* v. *The State,* 19 Ind. 127; *Macy* v. *Titcomb, id.* 135; *Butler* v. *Wadley,* 15 Ind. on pp. 506, 507; *Skelton* v. *Bliss,* 7 Ind. 77; *Ellis* v. *The State,* 2 Ind. 262; *Marshall* v. *The State,* 8 Blackf. 162; *Olds* v. *The State,* 6 Blackf. 91; *The State* v. *Lynch, id.* 395; *Spader* v. *Frost,* 4 Blackf. 191; *Martin* v. *Kennard,* 3 Blackf. 430; *Silver* v. *The Governor,* 4 Blackf. 15; *Parker* v. *Henderson,* 1 Ind. 62; *Orff* v. *Pullen,* at this term; *Germond* v. *The People,* 1 Hill (N. Y.) Rep. 343; *The State* v. *Inman,* 7 Blackf. 225.

As to when a bond, not specially authorized by, or not taken strictly pursuant to a statute, may be good, as a common law bond. See *Marshall* v. *The State, Lynch* v. *The State,* and *Spader* v. *Frost, supra.* The recognizance in the case at bar is not of this character. The Court erred in overruling the demurrer to the complaint.

Perhaps, by analogy to the case of *Kreger* v. *Osborn,* 7 Blackf. 74, the recognizance in the case before us might be held to operate as notice to the principal in it to appear in the Court at the time, &c., named in it, and as an agreement to thus appear, so that the Court at which the recognizance was made returnable, and to which it was returned, might

proceed to a trial of the cause, but this point we do not decide.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings.

