## HAWKINS v. THE STATE, on the relation of READ, Auditor of Daviess County.

RECOGNIZANCE, SUITS ON.—In action upon a forfeited recognizance, given for the appearance of the accused to answer a criminal charge, no *relator* should be named in the complaint, but the action should be prosecuted in the name of the State of Indiana.

SAME.—Where such an action is brought on the relation of the Auditor of the county, the Auditor's name may be stricken out, on motion, as surplusage.

SAME—JURISDICTION.—The Court of Common Pleas has jurisdiction of an action brought upon a forfeited recognizance, taken by a justice of the peace, for the appearance of the defendant to answer a charge of felony in the Circuit Court.

JUSTICE OF THE PEACE—FELONIES.—In cases of felony, justices of the peace have no power to try the accused, in any legal sense, but only to examine and hold to bail, or commit in default of bail.

RECOGNIZANCE.—In a suit upon a forfeited recognizance, taken by a justice of the peace, for the appearance of the accused to answer a charge of felony in the Circuit Court, the facts showing the authority of the justice to take the recognizance must be shown.

APPEAL from the *Daviess* Common Pleas.

FRAZER, J.—This was a suit upon a forfeited recognizance, prosecuted in the name of the State of Indiana, on the relation of *Richard N. Read*, Auditor of *Daviess* county. A demurrer to the complaint by the appellant, who was surety on the recognizance, was overruled. Causes of demurrer were assigned, presenting several questions, which are pressed upon our consideration.

It is claimed that the auditor was not the proper relator, but that the suit should have been on the relation of either the prosecuting attorney or the county treasurer. We think that there is nothing whatever in the question. We know of no law in this State requiring that such a suit should be on the relation of anybody. The State of Indiana, to whom the recognizance is payable, is competent to sue. The law makes it the duty of the prosecuting attorney to prosecute the suit. This is one of his official duties. 2 G. & H., § 48, p. 398. The money realized

thereby, when collected, becomes a part of the common school fund. Acts 1861, p. 68. We do not understand, however, that the county auditor has any authority to control the suit in any manner whatever. The law places that responsibility upon the prosecuting attorney. The recognizance is not an obligation given on account of the school fund, and is not, therefore, among those mentioned in the twelfth section of the act in relation to county auditors. 1 G & H. § 12, p. 123. We regard the insertion of the auditor's name in the complaint as surplusage, and not capable of doing any harm to the appellant, or the public. It ought to have been stricken out on motion, but the objection could not be reached by demurrer, inasmuch as the State of Indiana was the proper plaintiff, and there was, consequently, no defect of parties plaintiff.

The complaint alleges that *Levi Hawkins* was "arrested and tried before one *Walker*, a justice of *Daviess* county, on a charge of assault and battery with intent to commit murder, and was by the justice recognized in the sum of $300 for his appearance at the next term of the *Daviess* Circuit Court," to answer to that charge, and thereupon, with the appellant as his surety, executed the recognizance, which is set out in the complaint, and is in proper form, and which was approved by the justice; that at the next term of said court, and after the grand jury had returned an indictment against him for the offense, the principal, *Levi Hawkins*, failed to appear, and was, with his surety, called and duly defaulted, and the recognizance forfeited.

It is claimed, on behalf of the appellant, that the Court of Common Pleas had no jurisdiction of the suit. This point has been settled otherwise here, and we think correctly. *M'Cole* v. *The State*, 10 Ind. 50.

It is also urged that it does not appear from the complaint that the justice had authority to take the recognizance, inasmuch as it is not alleged that the principal was ever arrested for, or adjudged guilty by the justice of, any offense, or required by him to enter into recognizance.

The power and jurisdiction of justices of the peace are specially conferred by statute, and they can exercise no authority not thus given. In cases of felony, they have no power to *try* the party, in any legal sense, but can only examine, and in proper cases hold to bail, or, in default of bail, commit to jail to await trial in the proper court. The defendant may, however, waive the examination. It is not necessary that any judgment of guilty should be rendered before taking bail. Should the justice deem the party guilty, his duty is merely to "hold to bail" in such sum as shall be deemed adequate. 2 G. & H., § 5, p. 637. If the party fail to enter into recognizance as required, then follows commitment to jail. The complaint before us shows everything sufficiently, unless it be that *Levi Hawkins* was held to bail by the justice. The complaint attempts to aver this in the language, "was then and there, by the aforesaid justice of the peace, *recognized* in the sum of," &c., "and thereupon executed a bond," &c. The term "recognized" is adequate to express this fact. There was an utter absence of evidence upon the same subject, and, indeed, none showing that the justice ever had the case before him. The motion by the appellant for a new trial should, therefore, have been sustained. Without proof showing the facts which authorized the justice to take the recognizance, the finding should have been for the appellant.

The judgment is reversed, and the cause remanded, with directions to set aside all the proceedings subsequent to the demurrer to the complaint, and then to proceed according to this opinion.

*J. W. Burton*, for appellant.

*D. E. Williamson*, Attorney General, for the State.