GRIFFIN v. THE STATE.

PLEADING.—Complaint on Forfeited Recognizance.—A complaint on a forfeited recognizance of bail, which does not show that a charge was made against the principal before the recognizance was taken, or state before whom it was entered into, is bad on demurrer. The subsequent finding of an indictment will not aid a recognizance not good at the time it was taken.

From the Jefferson Circuit Court.

J. L. Wilson and E. R. Wilson, for appellant.

J. C. Denny, Attorney General, for the State.

BIDDLE, J.—The complaint in this case sets out a recognizance entered into by James Griffin and William Griffin, conditioned that William Griffin would appear before the judge of the Jefferson Circuit Court on the first day of its next term, to answer the State of Indiana on a charge of larceny, with an averment that William Griffin at the next term of the said court was indicted for larceny, and, failing to appear and answer said charge, both the Griffins were defaulted. Breach, that William Griffin did not appear, etc.

A demurrer to the complaint by James Griffin, for want of sufficient facts, was overruled, exception taken, answer filed, trial by the court, finding and judgment against James Griffin, and appeal to this court.

There was a return of " not found " as to William Griffin, and no appearance on his behalf.

Proper errors are assigned.

The complaint is insufficient. It does not aver any charge made against William Griffin before the recognizance was taken, nor before whom it was entered into. The recognizance is without any basis, as far as the complaint shows. The finding of the indictment subsequently will not aid it. It must be shown to have been good at the time it was taken. The demurrer should have been sustained. *Hawkins* v. *The State,* 24 Ind. 288 ; *The State* v. *Gachenheimer,* 30 Ind. 63 ; and *Hannum* v. *The State,* 38 Ind. 32.

Judgment reversed ; cause remanded, with instructions to sustain the demurrer to the complaint, and for further proceedings.