DEER LODGE COUNTY, appellant, *v.* AT, respondent.

CRIMINAL LAW — *recognizance in justice's court where no written complaint has been made is void.* A justice of the peace in open court verbally ordered the sheriff to arrest A. for two attempts to bribe him, and then verbally notified A. of the charges, but no complaint in writing was ever made. A. confessed his guilt and judgment was rendered that he be committed to jail to be held to appear at the following term of the district court, and his bail was fixed at $5,000. A recognizance was executed and A. was discharged from custody. An indictment was found by the grand jury and A. failed to appear and his default and that of the sureties were entered, and this action was brought on the recognizance. *Held,* that the filing of a written complaint describing the offense of A. was necessary to give the justice's court jurisdiction to require the recognizance, and that the recognizance is void. *Held, also,* that the sureties as well as A., the principal, can plead the defense of duress and want of jurisdiction.

*Appeal from Second District, Deer Lodge County.*

THE judgment was rendered by KNOWLES, J., who tried the case without a jury.

A. E. MAYHEW, district attorney, second district, and SHARP & NAPTON, for appellants.

The recognizance is sufficient under our statute. Cr. Pr. Act, §§ 108, 257, 258 ; *Mendocino Co.* v. *Lamar,* 30 Cal. 627 ; *People* v. *Kane,* 4 Denio, 534 ; 1 Dill. on Mun. Corp. 276.

The court had jurisdiction over the person of the principal in the recognizance for the crime for which he was committed in the view of the court.

The plea of duress is personal and cannot be taken advantage of by the sureties on this recognizance. 1 Pars. on Cont. (6th ed.) 392–395, and cases there cited; *Baylie* v. *Clare,* 2 Brownl. 276; *McClintick* v. *Cummins,* 3 McLean, 158 ; Bac. Abr., Duress (B) ; Sedgwick's Stat. Law, 350.

A justice of the peace is a peace officer, recognized by the common law, the Organic Act and our statutes. When a crime is committed in his presence in open court, we see no reason why he cannot commit without further testimony. And if he does as

in this case, the defendant claiming no trial, the recognizance is good.

J. C. Robinson and Chumasero & Chadwick, for respondent.

A written complaint in all criminal proceedings before a committing magistrate is necessary to give the court jurisdiction, and without it all proceedings are void. The rule is not changed where the offense is committed in the presence of the magistrate. In the latter case, a complaint must be filed for the magistrate to entertain any further jurisdiction. Cr. Pr. Act, §§ 70, 89, 114, 115 ; 1 Bish. Cr. Pr., §§ 179, 230; *Commonwealth* v. *Ward*, 4 Mass. 497; *Bridge* v. *Ford*, 4 id. 641; *Tracy* v. *Williams*, 4 Conn. 107.

The pleadings do not show a compliance with the statute in regard to waiving an examination. Cr. Pr. Act, § 111.

Blake, J. This is an action to recover the amount of a recognizance, which was executed and forfeited under the following circumstances. G. W. Irwin Esq., a justice of the peace in Deer Lodge county, was conducting the preliminary examination of Ung Hah, who had been arrested for committing the crime of murder. At two times during the proceedings Lee Sue offered money to the magistrate to procure the discharge of the prisoner. Irwin in open court verbally ordered the sheriff to arrest Sue and afterward notified him that he had been arrested for these attempts to bribe an officer, and that he was entitled to counsel. Sue did not demand any trial and made no defense and confessed his guilt. Irwin rendered judgment that Sue be committed to the jail to be held to appear at the following term of the district court to answer any charge which the grand jury might prefer against him. A commitment in proper form was made out and delivered to the sheriff and the amount of the bail was fixed at $5,000. The recognizance, which is the subject of this action, was executed by the respondents and approved by the sheriff and Sue was released from custody. The grand jury at the regular term of the district court found and presented an indictment charging Sue with the commission of the crime of attempting to

bribe Irwin, while so acting as a justice of the peace. Sue never appeared and pleaded to the indictment, and his default and that of the sureties (all the respondents) were entered of record and the recognizance was adjudged forfeited. The recognizance has not been paid. At the trial in the court below, judgment was rendered for the respondents. No complaint in writing, charging Sue with violating any law of the Territory, was ever made before the finding of the indictment.

Our attention must be confined to one legal question. Did the omission to file a written complaint against Sue annul the recognizance? The statutes of the Territory require all prosecutions and criminal actions in the "justice of the peace courts" to be conducted or presented by complaint. Cr. Pr. Act, §§ 5, 468. The complaint must be subscribed and sworn to by the complainant, and must state the name of the person accused, the general name of the offense and the county in which and time when the same was committed. Cr. Pr. Act, § 76. The statute which authorized Irwin to command the officer by a verbal order to arrest Sue for committing a public offense in his presence, provides that the magistrate may "proceed as if the offender had been brought before him on a warrant of arrest." Cr. Pr. Act, § 70. A warrant of arrest is always issued after a written complaint has been made, and the appellant contends that this section empowered the magistrate to hold a preliminary examination of Sue without requiring any complaint against him to be subscribed and sworn to. This argument is refuted by many provisions of the Criminal Practice Act. "If the magistrate, upon examination of the testimony before him, finds that there is probable cause for believing the defendant guilty of the charge made against him in the complaint * * * it shall be the duty of such magistrate to commit him to jail * * * ." Cr. Pr. Act, § 96. After the examination, the magistrate "shall send to or file with the clerk of the court at which he has held the defendant to answer the complaint * * . * ." Cr. Pr. Act, § 110.

When a defendant waives a preliminary examination, the magistrate is required to "make a minute of such waiver, and make the same order as though he had found that there was

probable cause for believing the defendant guilty of the offense charged." Cr. Pr. Act, § 111. If the defendant is held to appear at the district court to answer the offense, the magistrate must "indorse on the complaint, or attach thereto," his orders relating to the bail which must be given by the defendant. Cr. Pr. Act, § 115. If the magistrate discharges the defendant, "he shall make the * * * order on the complaint." Cr. Pr. Act, § 116. If we concede that Sue waived a preliminary examination (although it does not appear that the magistrate made a record of this fact), he never waived, if possible, his statutory right to have a proper complaint containing a description of the offense with which he had been charged. Sue was arrested legally, and Irwin, as a justice of the peace, could take jurisdiction and proceed to judgment without issuing a warrant of arrest. But a written complaint against Sue, setting out his offense, was as necessary in his case as in any other. 1 Bish. Cr. Pr., § 636 ; *Lancaster* v. *Lane*, 19 Ill. 242 ; *Tracy* v. *Williams*, 4 Conn. 107.

The statute provides that actions of this class shall not be barred or defeated "by reason of any neglect or omission to note or record" certain defaults, or any defect in the form of the recognizance, but it must appear that the magistrate was authorized by law to require and take the recognizance. Cr. Pr. Act, §§ 108, 257. In this action no neglect, omission or defect of this character has been pointed out by counsel, and we have referred to the only proceedings which have been criticised in the argument. We cannot presume any thing in favor of the jurisdiction of justices of the peace. Their jurisdiction is not general, but is limited by the laws of the United States and the Territory. The acts of Irwin, which have been mentioned, are not valid unless he has done what the legislative assembly has authorized in express terms or by necessary implication. Every section of the Criminal Practice Act which confers upon justices of the peace the power to require a recognizance of bail specifies the complaint which must be filed before the judgment can be entered. Irwin had no jurisdiction for this purpose until the proper complaint had been made, subscribed and sworn to. The recognizance was required and taken when the magistrate had no author-

ity to act, and is therefore void and cannot support this action. These propositions have been maintained by the courts which have investigated the question before us. *Bridge* v. *Ford*, 4 Mass. 641; *Vose* v. *Deane*, 7 id. 280; *Com.* v. *Loveridge*, 11 id. 337; *People* v. *Koeber*, 7 Hill, 39; *Williams* v. *Shelby*, 2 Oreg. 144; *Gachenheimer* v. *State*, 28 Ind. 91; *Solomon* v. *People*, 15 Ill. 291. The subsequent finding of the indictment against Sue could not aid the recognizance, which was not good at the time it was required or taken. *Griffin* v. *State*, 48 Ind. 258. This court has decided that the complaint to recover judgment on a recognizance of bail should allege the facts showing that the magistrate had jurisdiction to require or take the same. *Territory* v. *Hildebrand*, 2 Mon. 426. The facts that are admitted in the pleadings in the case at bar prove that the magistrate had no jurisdiction to require the recognizance.

The arrest of Sue, which was originally lawful, became illegal by the subsequent abuse of it by the magistrate and sheriff. A contract, which has been executed under compulsion or through the fear of unlawful imprisonment, can be avoided on account of duress. *Watkins* v. *Baird*, 6 Mass. 511; *Whitefield* v. *Longfellow*, 13 Me. 146; 1 Pars. on Cont. (5th ed.) 392, and cases there cited. The appellant insists that no party to this action, except Sue (the principal), can take advantage of the duress and that the sureties on the recognizance cannot plead this defense. The following authorities are relied upon to support this position. *Huscomb* v. *Standing*, Cro. Jac. 187; *Baylie* v. *Clare*, 2 Brownl. 276; *McClintick* v. *Cummins*, 3 McLean, 158. We are of the opinion that these cases are not applicable to the facts before us, and that they can be distinguished from that at bar. In *Hawes* v. *Marchant*, 1 Curt. 136, the court held that a statutory bond for the liberties of the prison, executed by the debtor under duress, is void, both as to him and his sureties. We have decided that the recognizance is void for want of jurisdiction in the magistrate to require it. In *Waterloo T. R. Co.* v. *Cole*, 51 Cal. 386, Mr. Justice Crockett says: "It is too clear to require argument, that when the want of jurisdiction appears on the face of the proceedings, as in this case, any one injuriously affected may avail

himself of the defect, even in a collateral action." We think that the cases, holding that the sureties as well as the principal may avail themselves of the defense of duress, sustain the most reasonable legal proposition. *Fisher* v. *Shattuck*, 17 Pick. 252; *Osborn* v. *Robbins*, 36 N. Y. 365. The promise of the sureties to the recognizance was *nudum pactum.*

The judgment is affirmed.

*Judgment affirmed.*