No. 9745.

## THE STATE *v.* WINNINGER.

CRIMINAL LAW.—*Constable.*—*Taking Recognizance.*—*Statute Construed.*—Fixing the amount of a recognizance in cases of felony, is a judicial act which a constable has no authority to perform; nor does section 1705, R. S. 1881, confer upon him authority to take recognizances in such cases without a judicial order fixing the amount, or directing that bail may be taken; and a bond so taken, without such order, is void, and subsequent acts of the court can not validate it, nor is it such a defect as is cured by section 1221.

RECOGNIZANCE BOND.—*Complaint.*—A complaint upon a forfeited recognizance must state facts showing that the officer, by whom bail was accepted, had authority to take it.

SAME.— *When Void.*—*Jurisdiction.*—A recognizance taken by a court without jurisdiction, or by an officer without authority, is void.

SAME.—*Justice of the Peace.*—*Amount of Bond.*—A justice of the peace can not fix the bail in cases of felony at the time of issuing the warrant.

From the Jackson Circuit Court.

*D. P. Baldwin,* Attorney General, *F. L. Prow,* Prosecuting Attorney, *D. A. Kochenour* and *M. H. Owen,* for the State.

*R. Applewhite,* for appellee.

ELLIOTT, C. J.—The material allegations of the appellant's complaint are these: Three persons were charged in an affidavit, filed before a justice of the peace, with the commission of a felony; a warrant for their arrest was issued and placed in the hands of a constable, who arrested the accused persons; they were brought to the office of the justice, but he was not present; upon their request, the constable fixed a time for their appearance and the amount of their bail; he accepted their recognizance, with the appellee as surety, for their appearance at the time appointed; the accused persons failed to appear at the time specified, and the State brought this action upon the recognizance taken by the constable. A demurrer was sustained to the complaint.

This ruling was right. Fixing the amount of a recogni-

zance in cases of felony, is a judicial act, which a constable has no authority to perform. The provision in the statute, that "Any officer authorized to execute a warrant in a criminal action may take the recognizance and approve the bail," does not confer upon a constable authority to take a recognizance in cases where there is no judicial order fixing the amount or directing that bail may be taken. The cases of *Hooker* v. *State, ex rel.*, 7 Blackf. 272, and *Larr* v. *State, ex rel.*, 45 Ind. 364, cited by the appellant, do not touch the question here involved, and the cases of *Trimble* v. *State*, 3 Ind. 151, and *Votaw* v. *The State*, 12 Ind. 497, decide that the amount fixed by the court need not necessarily be endorsed on the warrant. The decision in *McClure* v. *State*, 29 Ind. 359, declares that where the recognizance is taken in open court, it is not necessary that there should be an order fixing the amount. It is plain that these cases do not lend the appellant any support.

It is settled that a complaint upon a forfeited recognizance must state facts, showing that the officer, by whom bail was accepted, had authority to take it. *Myers* v. *State*, 19 Ind. 127 ; *Blackman* v. *State*, 12 Ind. 556 ; *Hawkins* v. *State, ex rel.*, 24 Ind. 288. A constable can not take bail in cases of felony, unless an order of court has fixed the amount, and where, as here, there is no such order shown, the complaint fails to show authority in the officer by whom it was taken.

The statute referred to by appellant only authorizes an officer to take bail in the proper cases; it does not confer authority upon him to take recognizances in all. The evident meaning of the statute is that any officer having power to serve a warrant in a criminal prosecution shall have authority to accept bail, where bail has been ordered by competent authority. It does not, however, invest a ministerial officer with authority to determine when a case is bailable and when not, or, if bailable, what the amount of bail shall be. If it were otherwise, constables might take upon themselves to decide in felonies of the highest grade what the amount of the bail should be, and this, surely, never was intended by the

Legislature. In *Votaw* v. *The State, supra,* it is very plainly intimated that a sheriff has no power to fix bail in cases of felony. It was there said by WORDEN, J., that, " If the answer in question is good, it is because it is to be inferred from what is therein stated, that the amount of bail had not been properly fixed by competent authority. The replication meets that inference, and shows that the amount of bail had been fixed by the order of the court, and we think it is a proper reply, and good if the answer be good. If it can not be inferred from the facts set up in the answer, that the amount of bail had not been fixed by competent authority, then the facts set up are wholly immaterial." In *Boaz* v. *Tate,* 43 Ind. 60, it was said, in speaking of the section of the statute under immediate mention : " The first provides, that any officer authorized to execute a warrant in a criminal action may take the recognizance and approve the bail. That does not authorize him to fix the amount of the bail."

There is no force in the argument that the subsequent act of the justice validated the bond. A recognizance must be valid at the time it is entered into ; subsequent acts of the court or officer will not give it validity. *Griffin* v. *State,* 48 Ind. 258 ; *Hannum* v. *The State,* 38 Ind. 32. A judicial act can not be performed by a deputy or agent. The justice could not have expressly authorized the constable to admit to bail and fix the amount of the recognizance. What he could not directly do he can not do by implication.

The statute providing that no recognizance taken by any officer " in the discharge of the duties of his office, shall be void for want of form or substance," does not apply to such a case as the present. There is no question here as to the form or substance of the instrument ; the question is as to the authority of the officer to take any recognizance at all. It is well settled that a bond or recognizance taken by a court without jurisdiction, or an officer without authority, is utterly void. *Olds* v. *State,* 6 Blackf. 91 ; *Sherry* v. *Foresman,* 6 Blackf. 56 ; *Byers* v. *The State, ex rel.,* 20 Ind. 47 ; *Gaspar* v.

*The State,* 11 Ind. 548; *Gachenheimer* v. *The State,* 28 Ind. 91; *State* v. *Gachenheimer,* 30 Ind. 63.

We are not to be understood as intimating that a justice may fix bail in cases of felony at the time of issuing a warrant. On the contrary, we are inclined to the opinion that this right exists only in cases where the justice has granted a continuance, or recognized an accused to appear in the circuit court to answer the charge preferred against him. *Hawkins* v. *State, ex rel.,* 24 Ind. 288; 2 R. S. 1876, p. 670.

Judgment affirmed.