Filed April 2, 1884.

———————◆———————

No. 10,675.

GREGORY v. THE STATE, EX REL. GUDGEL.

COUNTY CLERK.—*Ministerial Officer.*—The clerk of the circuit court is a ministerial officer only, and can not exercise a judicial function.

SAME.—*Bail.*—*Judicial Act.*—Fixing the amount of bail is a judicial function, and can not be performed by the clerk of a circuit court.

SAME.—*Section 1684 Unconstitutional in Part.*—That clause of section 1684, R. S. 1881, authorizing the clerk to "fix the amount of bail," is unconstitutional and void.

From the Posey Circuit Court.

*A. P. Hovey* and *G. V. Menzies*, for appellant.

*W. H. Gudgel*, Prosecuting Attorney, for appellee.

ELLIOTT, J.—The ruling question in this case is this: Is the statute providing that county clerks may fix bail in cases of persons accused of crime constitutional?

Our Constitution, in strong terms, declares that judicial powers shall be vested in courts, and not in ministerial officers. Its framers were careful to clearly mark out the differ-

ent departments of government, and to firmly prohibit the lodging of judicial powers elsewhere than in judicial tribunals. Our decisions have given full effect to our constitutional provisions, and have uniformly declared that only judicial officers can exercise judicial functions. *Little* v. *State,* 90 Ind. 338; *Shoultz* v. *McPheeters,* 79 Ind. 373; *Wright* v. *Defrees,* 8 Ind. 298; *Waldo* v. *Wallace,* 12 Ind. 569; *Columbus, etc., R. W. Co.* v. *Board, etc.,* 65 Ind. 427.

 Clerks are ministerial officers. *Gulick* v. *New,* 14 Ind. 93. If, therefore, the power to fix bail is a judicial one, it can not be conferred upon clerks or other ministerial officers.

It becomes necessary to examine the subject of admitting to bail, for if it be found that the power of admitting to bail is a judicial one, then the statute which assumes to confer it upon clerks is unconstitutional. The text-writers uniformly treat the power to settle bail as a judicial one, to be exercised by an officer capable of receiving judicial powers. Blackstone says: " Bail may be taken either in court, or in some particular cases by the sheriff, coroner, or other magistrate, but most usually by justices of the peace." 4 Blackstone Com. 297. In another English book it is spoken of as one of the most important branches of magisterial jurisdiction. 2 Broom & Hadley Com. (Am. ed.) 583. Chitty treats the duty of admitting to bail as a judicial one, and says: "As more immediately connected with our present inquiries, we will first consider the power of justices of the peace, and the incidents of their authority; and then the jurisdiction of other magistrates to bail the supposed offender." 1 Chitty Crim. Law, 92.

The origin of the common law right to give bail and the character of the proceeding are well stated and discussed in the recent work of Mr. Stephen, and he shows that the authority to admit to bail was part of the judicial functions of sheriffs, but that by statute the authority has been gradually vested in superior courts and in those of justices of the peace. 1 Stephen Crim. Law of England, 233. Bishop assumes

that the power is a judicial one, and says: "Anciently the sheriff, possessing judicial with ministerial powers, was the principal bailing officer." 1 Bishop Crim. Proc. 251. In other works the same view is taken, and we have found in none of the text-books any intimation that the power is other than a judicial one. Harris Crim. Law, 255; Barbour Crim. Law, 575. Judge Cooley says: "The magistrate in taking bail exercises an authority essentially judicial." Cooley Const. Lim. (5 ed.) 378, n: 4. This is substantially the remark of Lord DENMAN in *Linford* v. *Fitzroy*, 13 Q. B. 240. This eminent judge there said: "But, upon the fullest consideration, we are of opinion that the duty of the magistrate in respect to admitting to bail can not be thus split and divided; that it is essentially a judicial duty." There was some conflict among the older English cases as to whether the sheriff's judicial powers were sufficiently comprehensive to authorize him to fix bail for persons accused of crime (*Bengough* v. *Rossiter*, 2 H. Bl. 418; *Posteene* v. *Hanson*, 2 Saunders, 59; 1 Chitty Crim. Law, 98), but it was unanimously agreed that the power was a judicial one. In the cases of *State* v. *Mills*, 2 Dev. (N. C.) 555, and *State* v. *Hill*, 3 Iredell, 398, the power of admitting to bail is declared to be a judicial one which a sheriff, or other ministerial officer, can not exercise. In several cases it has been held that the power can not be delegated, for the reason that it is a judicial one. *Jacquemine* v. *State*, 48 Miss. 280; *State* v. *Clark*, 15 Ohio 595; *Morrow* v. *State*, 5 Kan. 563. In *State* v. *Crippen*, 1 Ohio St. 399, it was said: "A recognizance is an obligation of record entered into before some court of record, or magistrate duly authorized, conditioned for the performance of some particular act." The decision in *Solomon* v. *People*, 15 Ill. 291, is that "A recognizance taken before an officer not having judicial power, is without any binding force."

The character of the proceeding is shown by the effect annexed to a recognizance when duly perfected and entered of record: Chief Justice Coke says that they "import in them

such uncontrollable credit and veritie, as they admit no aver-ment, plea, or proofe to the contrarie." Coke Litt. 260 a. The cases recognize the correctness of this statement of the law, although, like other general rules, it has exceptions. *State* v. *Wenzel*, 77 Ind. 428; *Adair* v. *State*, 1 Blackf. 200; *McCarty* v. *State*, 1 Blackf. 338; *People* v. *Kane*, 4 Denio, 530. This doctrine is carried very far in *Doe* v. *Harter*, 1 Ind. 427, where it was held that a recognizance could not be collaterally im-peached. Our cases have steadily held that a ministerial of-ficer can not take a recognizance unless expressly authorized by statute, and then only when the amount has been fixed by competent authority. They have also as uniformly held that a complaint must show that the recognizance was taken by an officer or court possessing authority. *Trimble* v. *State*, 3 Ind. 151; *Blackman* v. *State*, 12 Ind. 556; *Votaw* v. *State*, 12 Ind. 497; *Myers* v. *State*, 19 Ind. 127; *Hawkins* v. *State*, 24 Ind. 288; *Gachenheimer* v. *State*, 28 Ind. 91; *State* v. *Gachenhei-mer*, 30 Ind. 63; *Boaz* v. *Tate*, 43 Ind. 60; *State* v. *Wenzel*, 77 Ind. 428. In *State* v. *Winninger*, 81 Ind. 51, it was held that fixing the amount of a recognizance is a judicial act, and this conclusion is fully sustained by the authorities we have cited.

It is clear on principle that the conclusion stated is the cor-rect one. The officer by whom the bail is fixed must deter-mine whether the offence is bailable, and what the amount of the recognizance shall be. Our Constitution provides that excessive bail shall not be exacted, and the officer who fixes the amount must necessarily decide upon what will or will not be excessive bail in each particular case. What would be deemed excessive in one case might be entirely reasonable in another. Bail is to be fixed according to the circumstances of each case, and no general sum can be fixed for all cases. Crimes of the same class often differ greatly in their charac-ter, and the good of the public, as well as the constitutional right of the citizen, require that different provisions as to bail shall be made in different cases. The atrocity of some crimes

increases the punishment, and the measure of punishment is always to be considered in determining the amount of bail. The object of requiring bail is to relieve from imprisonment until conviction and yet secure the appearance of the accused for trial, and it is obvious that what would be a sufficient sum in one case would be wholly inadequate in another, and what in one case would be excessive, in another would be insufficient, and that the question as to the amount of bail is, therefore, one for judicial decision. Judge Cooley says: " When bail is allowed, unreasonable bail is not to be required; but the constitutional principle that demands this is one which, from the very nature of the case, addresses itself exclusively to the judicial discretion and sense of justice of the court or magistrate empowered to fix upon the amount. That bail is reasonable which, in view of the nature of the offence, the penalty which the law attaches to it, and the probabilities that guilt will be established on the trial, seems no more than sufficient to secure the party's attendance. In determining this, some regard should be had to the prisoner's pecuniary circumstances; that which is reasonable bail to a man of wealth being equivalent to a denial of right if exacted of a poor man charged with a like offence." Cooley Const. Lim. (5th ed.) 378.

Approving and accepting bail after it has been fixed by competent authority is a ministerial act, and may be performed by the sheriff or other ministerial officer. *Votaw* v. *State, supra; State* v. *Winninger, supra.* But in the case in hand the question is of a very different character, for the point here in issue is as to the competency of the clerk to fix the bail. The determination of the question of the amount of bail is a very different thing from accepting or approving bonds in cases where the statute prescribes what shall be done, and what the character and penalty of the bond shall be. In such cases, there is no exercise of judicial power, but simply a performance of a ministerial act. We have several cases holding that acts of the character indicated may be performed by the clerk, but in all of these cases the court is careful to affirm that he

may perform them, because they are ministerial and not judicial acts. It will be found that these cases, while declaring what are ministerial acts, affirm that the clerk can not be vested with judicial functions. *Pennington* v. *Streight*, 54 Ind. 376; *State, ex rel.*, v. *Jones*, 19 Ind. 356; *Gulick* v. *New, supra;* *Brower* v. *O'Brien*, 2 Ind. 423. It is often difficult to draw the line between powers which are *quasi*-judicial and those which are, in a constitutional sense, judicial powers, but we encounter no such difficulty here, for the power to fix bail has always been regarded by the courts and text-writers as a judicial one, and is, in its nature, essentially a judicial power belonging to courts. And, as was said by the court in *Abbott* v. *Mathews*, 26 Mich. 176, " The judicial power, properly so called, has never been vested anywhere but in courts."

The clause of section 1684 of the statute, which assumes to invest clerks with power to fix bail, must be held void.

The replies of the appellee were clearly bad. We may add that the complaint is also defective, for the reason that it does not aver that the bail was fixed by competent authority.

Judgment reversed.

