No. 27.—BENTON M. WHEELER, et al., plaintiff in error, vs. The STATE OF GEORGIA, defendant in error.

A bond dated 3d August, 1855, and conditioned for the appearance of a party at the Superior Court to be held on the fourth Monday in August next, is a bond for the appearance of the party on the fourth Monday in August, 1856.

Scire facias on bond, in Sumter Superior Court. Before ALLEN, Judge, October Term, 1856.

This was a scire facias issued against defendants, requiring them to show cause why judgment should not be entered up against them on a bond given for the appearance of defendant, Wheeler, to answer an indictment for betting at cards, &c.

The bond was dated the third day of August, 1855, and

was conditioned for the appearance of said Wheeler "at the Superior Court, to be held on the *fourth Monday in August next*;" At the August Term, 1855, of the Superior Court of Sumter county, a rule *nisi* was issued, calling upon defendants to show cause at the next February term of said Court, why judgment final should not be entered against them, they having failed to appear at the August Term, 1855, of the Superior Court of said county, as conditioned in said bond.

At the October Term, 1856, of the said Court, upon the case being called, counsel for the State moved for final judgment against defendant; counsel for defendants objected, because the condition of said bond was that Wheeler should appear at August Term, 1856, and the rule *nisi* was prematurely and illegally issued at August Term, 1855.

The presiding Judge, after argument overruled the objection, and ordered judgment to be entered against defendants; to which decision defendants excepted and assign error.

TUCKER & BEALL; HAWKINS, for plaintiffs in error.

LYON, for Solicitor General, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

The bond must be construed by its terms. It is a good bond, as it is written, for the party to appear at the term of the Court specified in the bond. There was no breach, and could be none, before the arrival of the time at which the party charged in the indictment and his sureties engaged that he should appear. We are aware that it has been held, in some cases, that an instrument dated as this,—for instance, on 3d day of December, and made payable on the 25th day of December next, has been held to be payable on the next twenty-fifth day of December, instead of on the

25th day of next December.   We think that such construction is a forced one, and it certainly violates the words of the contract, according to usual construction, and may violate the intention of the parties.

Judgment reversed.