JOHN IRWIN, plaintiff in error, vs. JAMES MCKEE, defendant in error.

[1.] Too late to object to process after party has appeared, confessed judgment, and entered an appeal.

[2.] A Sheriff has no authority to collect money from a defendant who is sued, until he is commanded by an execution to levy it of his property.

Complaint and appeal, from Stewart county. Tried before Judge KIDDOO, April Term, 1858.

This was a suit on a note, and on the appeal the defendant moved to dismiss it, on the ground, that the process to the declaration was made returnable to the April Term, 1857, of the Superior Court, when it appeared that the said appeal was made from the October Term, 1856, of said Court.

The process to said declaration bore date April 1st, 1856, and required the defendant to appear at said Court, to be held on the third Monday in April next.

Which motion was refused by the Court, and to which defendant's counsel excepted.

The defendant pleaded that by his agent, John M. Scott, he made a tender to and offered to pay Russell, attorney for plaintiff, $1,110 41 to be credited on the note sued on, 5th March, 1856, which Russell refused.

Plaintiff gave in evidence the note sued on for $1060, due 1st March, 1855.

Defendant introduced Scott who testified he was Sheriff in 1855; that in October of that year, defendant paid him the principal and interest then due on the note sued on. Witness immediately wrote to plaintiff's attorneys, that he had collected said money, and it was subject to their orders. Heard nothing from them until March following, when they called upon him for the money, and he was willing to give them the money he had received, if they would give up the note, which was refused—they requiring interest on the amount from the time he received it until then. Witness refused to pay interest. He then proposed to pay over the amount in his hands, and let the parties contend for the interest, which was refused, and that he had paid the same over to Tucker & Beall, under orders from the defendant, and that the same was not deposited in Court as he knew.

The Court charged the jury, that Scott had no right as Sheriff to collect the money when he did, the case not having gone into judgment, that the plaintiff was entitled to interest up to date, and that the offer of Scott to Russell was not a tender.

To which charge defendant excepted, and on these exceptions assigns error.

Tucker & Beall, for plaintiff in error.

John F. Clarke, for defendant in error.

*By the Court.*—McDonald, J. delivering the opinion.

[1.] The process was amendable by law. The plaintiff in error employed counsel to defend the cause, who confessed judgment and entered an appeal, and on the appeal trial, he moved to dismiss the cause, on account of a defect in the process. The process was amendable by statute; but if it had not been, it had the effect of all process, for the defendant

appeared and defended. It is not like the case of *Wheeler vs. The State,* 21 *Ga. Rep.* 153. That was the case of a contract and the Court only construed the contract. A contract is not amendable except by the parties themselves or with their consent.

[2.] The defendant paid the money due on the note to the Sheriff during the pendency of a previous suit instituted on the same note in the Inferior Court. The Sheriff has no authority to receive or collect money from the defendant, in virtue of his office of Sheriff, until he has in his hand an execution commanding him to levy it of the property of the defendant. A payment therefore, to him as Sheriff prior to his having this authority is no payment. He is not the agent of the plaintiff to collect it, and his having collected or received the money, and his notification thereof to the plaintiff, or his attorney, imposes no obligation on the plaintiff to incur the expense of sending for it, or to risk its transmission by mail. The plaintiff in error controlled the money, withdrew it from the hands of the Sheriff, and directed him to deliver it to his own attorneys. The charge of the Court to the jury was in accordance with our view of the law, and the judgment must be therefore affirmed.

Judgment affirmed.