## URTON ET AL. *v.* THE STATE.

PLEADING.—*Striking Out.*—Where the general denial is pleaded in answer, a paragraph of the same answer, only setting up matters that may be given in evidence under the general issue, may be struck out on motion.

SAME.—*Complaint.—Recognizance.*—In a suit upon a recognizance, the complaint must show that the principal in the recognizance was called and defaulted.

SAME.—In a suit upon a recognizance taken before a justice of the peace on a charge for the commission of a felony, the record must show that the forfeited recognizance, with the justice's certificate indorsed thereon, was filed with the clerk of the circuit court.

APPEAL from the Randolph Common Pleas.

PETTIT, J.—This suit was brought by the appellee against the appellants on a recognizance taken before a justice of the peace, alleged to have been forfeited, for the non-appearance of Urton on a criminal charge against him pending before the justice.

A demurrer to the complaint for want of sufficient facts was overruled, and exception to this ruling taken.

The defendants filed their answer in two paragraphs. First, general denial. The substance of the second paragraph is, that the recognizance was never forfeited; that on the day set for the appearance, the defendant in that suit was not called to come into court, nor were his securities called to produce him in discharge of the recognizance; that the cause was not called for trial on that day or at any other time. On motion of the appellee, the second paragraph was stricken out, on the ground that it only amounted to the general denial, and that all the matters set up in it could be given in evidence under the general denial. This ruling was excepted to, and is assigned for error; but we think the ruling was right. There was a trial by the court, motion for a new trial overruled, and exception, and judgment for the appellee for the penalty of the recognizance.

The assignments of error are numerous in form, but in fact or law they only amount to three; first, the overruling

the demurrer to the complaint; second, the striking out the second paragraph of the answer; this assignment we have already disposed of; third, the refusal to grant a new trial. Under this last a number of questions are raised and argued in the appellants' brief.

Under the first assignment it is insisted, that as the complaint does not show that the defendant, Urton, was three times called and failed to appear, the complaint is bad. *Lingley* v. *The State*, 1 Blackf. 559; 1 Chitty Crim. Law, 106; and Bicknell's Crim. Pr. 63, are cited. We have examined these authorities, and we hold that the complaint was insufficient, and the demurrer should have been sustained.

The offence charged before the justice of the peace was obtaining goods by false pretences, and was, therefore, a felony.

The record does not, in either the transcript or complaint, show that the supposed forfeited recognizance, or justice's certificate indorsed thereon, was filed in any court. The law requires the filing in the circuit court if a felony is charged, and in the common pleas court if a misdemeanor is charged; and we think this an essential requisite before a suit can be maintained upon a forfeited recognizance taken before a justice. 2 G. & H. 639, sec. 15.

There are other defects in the complaint, as well as errors in the admission of evidence, but we do not think it is necessary to trace or point them out further.

The judgment is reversed, with instructions to the court below to sustain the demurrer to the complaint, and allow both parties to amend their pleadings, at costs of appellee.

*J. Watts*, *E. B. Reynolds*, and *M. Way*, for appellants.

*D. M. Bradbury* and *B. W. Hanna*, Attorney General, for the State.