Filed Jan. 4, 1889.

---

No. 14,280.

CUNNINGHAM *v.* THE STATE.

RECOGNIZANCE.—*Execution of.— Waiver of Objection. to Prior Proceedings.— Forfeiture.*—Where the circuit court, of its own volition, assuming that a debtor has committed perjury in his examination in proceedings supplementary to execution, makes an order that, in default of bail, he shall be committed to jail to answer to that charge at the next term of court, and in pursuance of the order the debtor enters into a recognizance with surety for his appearance, without in any way questioning the legality of the order, all objections thereto are waived, and its invalidity can not be set up as a defence to an action on the recognizance.

From the St. Joseph Circuit Court.

*A. Anderson,* for appellant.

*L. T. Michener,* Attorney General, *A. L. Brick,* Prosecuting Attorney, *J. H. Gillett* and *L. Hubbard,* for the State.

HOWK, J.—This was a suit by and in the name of the State

of Indiana, as plaintiff, against Eliza Cunningham, appellant, and one Andrew Cunningham, as defendants, upon a forfeited recognizance.

The State's complaint contained two paragraphs, to each of which appellant's separate demurrer, for the alleged insufficiency of the facts therein stated to constitute a cause of action, was overruled by the court. The cause was then submitted to the court for trial, and a finding was made for the State in the sum of $1,000, and over appellant's motion for a new trial the court rendered judgment accordingly.

In this court appellant, Eliza Cunningham, has assigned errors which call in question the overruling of her separate demurrers to each paragraph of the State's complaint, and her motion for a new trial. In his brief of this cause appellant's learned counsel relies for the reversal of the judgment below upon the alleged error of the court in overruling the demurrer to the second paragraph of the complaint. Counsel concedes, as we understand him, that the evidence in the record fully sustains the facts averred in the second paragraph of complaint; and that, if such facts are sufficient to constitute a cause of action in favor of the State, the judgment below ought to be affirmed, otherwise, counsel earnestly insists, that such judgment must be reversed. The question presented for our consideration and decision, therefore, may be thus stated:

Does the second paragraph of the complaint herein state facts sufficient to constitute a cause of action?

In such second paragraph of complaint the State alleged that on the 22d day of June, 1887, defendant Andrew Cunningham was defendant in a civil cause pending in the St. Joseph Circuit Court, in this State, wherein the Gutta-Percha Paint Company was plaintiff, and was then and there sworn as a witness and gave his testimony in said cause, on the trial thereof in such court; that, upon hearing the testimony of said Andrew Cunningham on the trial of said cause and

when he had given and furnished his testimony, the court made an order, in substance, as follows:

"*State of Indiana* v. *Andrew Cunningham.*

" Now, it appearing to the court, on the trial of the cause of the *Gutta-Percha Paint Company et al.* v. *Andrew Cunningham et al.,* that it is probable that said Andrew Cunningham is guilty of perjury in his examination in proceedings supplementary to execution, before the judge of the court, in January, 1886. It is therefore ordered that said Andrew Cunningham be committed to the jail of this county to answer the charge of perjury, at the next term of this court, in default of bail. It is further ordered that the bail of said Andrew Cunningham be fixed at the sum of one thousand dollars, and that he give his recognizance in that sum to the sheriff, with surety to be approved, and, in default thereof, that he be committed to the jail of said county until discharged by law."

The State further averred that said Andrew Cunningham was duly arrested by the sheriff of St. Joseph county on such order, and, to procure his release from imprisonment, executed his recognizance, with defendant Eliza Cunningham as his surety, conditioned that he would appear at the first day of the next term of said court, to wit, at its October term, 1887, to answer said charge and abide the judgment of the court; that said recognizance was accepted and approved by said sheriff, and defendant Andrew Cunningham was released from custody, and said recognizance was duly certified to and filed in the office of the clerk of said court, and recorded ; that defendant Andrew Cunningham appeared on the first day of such next term of said court, and the grand jury thereof proceeded to the examination of such charge, and duly found an indictment against said defendant at said October term, 1887, and duly returned the same into the St. Joseph Circuit Court, at said term thereof, which indictment charged said defendant with the crime of perjury ; that said defendant failed to appear or plead to said indictment, but

absented himself from the State, and had not since appeared; that said defendant was duly called, but made default, and said recognizance was duly forfeited by the court, and the forfeiture thereof duly entered of record; and that no part of such recognizance had been paid.   Wherefore, etc.

Upon the facts stated in the foregoing paragraph of complaint, admitted to be true by appellant's demurrer thereto, and fully established by the evidence, it is earnestly contended by her counsel that the order of the court below, under which Andrew Cunningham was arrested and held by the sheriff of St. Joseph county, was absolutely void and of no effect, and that, therefore, the recognizance in suit, given by him with appellant as his surety to secure his discharge from such arrest, was also void and of no binding force.

Counsel thus states the question which, he claims, is presented for decision by the record of this cause, namely : "Has the circuit court in this State the right or power, of its own volition, without any complaint or charge having been made or preferred, to order a citizen to be arrested and imprisoned in the county jail for a period of three months, or until the ensuing term of court, to answer some charge which, in the opinion of the court, may thereafter be preferred against him?"

If counsel were correct in claiming that the question quoted is presented by the record, we should have little or no hesitancy in answering it, as counsel does, in the negative.   We are of opinion, however, that the record of this cause presents no such question for our decision.

Whether the court below had, or had not, the right or power to make the particular order, in all its details, under which Andrew Cunningham was arrested and imprisoned, or whether such arrest and imprisonment, in their inception, were, or were not, legal and valid, it is certain, we think, that he had the right and power to waive all defects, errors and illegalities in such proceedings, or any of them.   That is substantially what Andrew Cunningham did, as shown by the

record now before us, when he and appellant, as his surety, executed the recognizance sued upon herein.

It nowhere appears in the record of this cause that Andrew Cunningham or appellant objected or excepted to any of the proceedings of the court which preceded and led to their execution of the recognizance in suit, and the subsequent adjudication of forfeiture thereof. By their recognizance voluntarily executed, with a full knowledge of all the facts and circumstances connected with the arrest and imprisonment of Andrew Cunningham on the charge of perjury, the recognizors, in legal effect, waived all objections thereto, and bound themselves that said Andrew should appear on the first day of the next term of the court below to answer such charge, and abide the judgment of such court.

After the execution of such recognizance, it is clear that Andrew Cunningham was held thereby, and not by virtue of the prior order of the court. In the case under consideration, therefore, it is a matter of no moment whatever whether such prior order of the court was legal or illegal, valid or invalid; for the illegality or invalidity of such order would constitute no possible defence to this suit upon the recognizance. *Rubush* v. *State*, 112 Ind. 107; *Ard* v. *State*, 114 Ind. 542.

Our conclusion is that the court below did not err in overruling appellant's demurrer to the second paragraph of the State's complaint herein. Nor have we found any error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Sept. 18, 1888; petition for a rehearing dismissed Jan. 3, 1889.