Balue v. Richardson.

No. 14,353.

BALUE v. RICHARDSON.

PRACTICE.—*Motions to Strike Out Pleadings.*—*Bill of Exceptions.*—Motions to strike out pleadings and to separate and number paragraphs of pleading, and the rulings thereon, must be brought into the record by a proper bill of exceptions or be made a part of the record by order of the court.

From the Vigo Superior Court.

*N. G. Buff* and *T. W. Harper*, for appellant.

*G. W. Faris, S. R. Hamill, D. N. Taylor, N. Morris, L. Newberger* and *J. B. Curtis*, for appellee.

OLDS, J.—This is an action by the appellee against the appellant. The complaint is in four paragraphs. The first alleges the sale of certain real estate by appellee to appellant for $3,000, and that as a part of the consideration appellant assumed and agreed to pay certain encumbrances on the property, and that there is due and unpaid $800 of the purchase-money.

The second alleges the same facts, and that appellant failed and refused to pay certain of the encumbrances, and that appellant agreed to pay $196.90 interest and taxes, and $23 for abstracts of said property, and that there is still due and unpaid the sum of $238.20 of the purchase-money.

The third paragraph is for $42 damages sustained by reason of a contract relating to the sale of goods.

The fourth paragraph is for $5 for the one-half interest in a map.

Appellant answered the complaint. The plaintiff then filed a supplemental complaint, alleging that since the commencement of the action plaintiff, the appellee, had paid $546.39 of the liens and encumbrances on said real estate, the payment of which had been assumed by the appellant as part of the consideration of said real estate, as alleged in the original complaint.

The appellant then moved the court to strike out the supplemental complaint, which motion was overruled. The appellant then moved the court to require the appellee to separately state and number his causes of action set out in his supplemental complaint, or, as it is stated in the record, " to paragraph his supplemental complaint," which motion was overruled, and the appellant then filed his motion to tax all costs prior to the filing of the supplemental complaint to the plaintiff, which motion was also overruled.

The appellant excepted to the rulings of the court on the two first motions at the time.

The rulings of the court on these various motions are assigned as error, and are the only errors assigned.

There is no bill of exceptions presenting these various rulings, nor are the motions and rulings thereon made a part of the record; they seem to have been oral motions, and stated no reasons for the motions. Motions to strike out pleadings and to separate and number paragraphs of pleadings, and the rulings thereon, must be brought into the record by a proper bill of exceptions or be made a part of the record by order of the court. *Manhattan Life Ins. Co.* v. *Doll,* 80 Ind. 113.

There is no question presented by the record for the decision of this court.

Judgment affirmed, with costs.

Filed June 25, 1890.