[No. 373.   July 31, 1891.]

GEORGE L. BROOKS, PLAINTIFF IN ERROR, v.
THE UNITED STATES OF AMERICA,
DEFENDANTS IN ERROR.

CRIMINAL LAW—APPEAL—RECOGNIZANCE—SUIT FOR BREACH—DECLARA-
TION—PLEADING.—In a suit for breach of a recognizance, a declara-
tion, which fails to allege that the defendant in the recognizance was
ever called into court, or that any default was ever entered therein
against him and the recognizance forfeited by judicial order, is fatally
defective.

ERROR, from a judgment for the United States, to the Second Judicial District Court. Judgment reversed.

The facts are stated in the opinion of the court.

NEILL B. FIELD for plaintiff in error.

EUGENE A. FISKE, United States district attorney, for defendants in error.

LEE, J.—One Earnest L. Lapham, being indicted and convicted in the second judicial district court for an alleged postal embezzlement, took an appeal to this court, and, pending that appeal, was released from custody upon entering into a recognizance, with four sureties, conditioned for his appearance at the next term of the supreme court to receive the judgment on the said appeal, and to abide the decision of the said supreme court, "and to render himself in execution, and to obey every order and judgment which should be made in the premises by said supreme court." Subsequently an action on the said recognizance was brought in the same district court by the United States against the said Earnest L. Lapham and his sureties, of which the present plaintiff in error is one. In the action the plaintiff therein sets up the bond, and alleges as a breach that the said Lapham did not appear in the supreme court to receive its judgment, etc., but so to do did fail; that he absconded, and was absent from the territory during the entire term of that court to which he was bound to appear; but it does not aver that any judgment or order was ever made or rendered in the case by the supreme court, or that the said Lapham was ever called in that court, or that any default was entered against him therein, or that any forfeiture of said recognizance was therein adjudged or entered of record. The surety, Brooks, demurred to the dec-

laration upon various grounds going to its sufficiency, and the case comes before us for review of the judgment of the district court overruling that demurrer, and assessing damages against him.

In the consideration of this case the court deems it unnecessary to pass upon any of the points raised, except those going to the sufficiency of the allegations in the declaration of the breach of the recognizance. RECOGNIZANCE: A recognizance is a contract of record. suit for breach: declaration. According to the ancient common law procedure, the usual, if not the only, mode of enforcing it upon a breach of its conditions was by the adjudication of a forfeiture by the court, upon its taking judicial notice of the breach, and afterward proceeding to collection by execution. The forfeiture in such a case, was a judgment. Although in modern times the practice has grown up of bringing an action in debt for the recovery of the amount due on a forfeited recognizance, we are unaware that such an action has ever been sanctioned, except after a precedent forfeiture of record. Such an action is analogous to an action upon a judgment. The contract of recognizance is a judicial contract, entirely within the control of the court in which it is taken, and which always has discretion to grant relief from its enforcement. No part of this discretion is vested in the public prosecutor, and he is not at liberty to proceed by action until the judicial will has first been made known by its judgment upon a breach of its condition. Every precedent of such action, which we have found, indicates that such suits are always based on recognizances duly forfeited by judicial order and that the declaration in every such case must allege that the defendant in the recognizance was duly called at the proper time and place, and the recognizance forfeited. It is unquestionable that the breach must be established by record, and can not be shown by proof aliunde. The people v. Van Eps, 4 Wend. 388. It is

essential to a breach of the contract of a recognizance that the declaration must show that the party who was to appear was solemnly called and warned before his default was entered. Dillingham v. U. S., 4 Wash. 422; State v. Grigsby, 3 Yerg. 280; Urton v. The State, 37 Ind. 339. "The fact that the cognizor had absconded, and could not have answered the call, even if properly made, is of no importance. A recognizance is not forfeited, except by the failure of the principal cognizor to appear and answer to a call made at the proper time and place." U. S. v. Rundlett, 2 Curt. 41. The declaration being fatally defective, the court below should have sustained the demurrer. The judgment will be reversed, and cause remanded for proceedings in accordance with the views herein expressed.

O'BRIEN, C. J., and SEEDS, FREEMAN, and McFIE, JJ., concur.