GEORGE F. HESSELGRAVE ET AL. V. STATE OF NEBRASKA.

FILED FEBRUARY 6, 1902. No. 10,970.

Commissioner's opinion, Department No. 3.

1. **Recognizance**: TERMS: LIMIT. A recognizance in a criminal action conditioned "that the defendant shall be and appear in this court on the first day of the next term thereof to answer to the charge of rape now pending herein against him, and will not depart the court without leave, and abide the order of the court," is limited to the term at which it exacts the appearance.

2. ———: RECORD: ORAL TESTIMONY: FORFEITURE. Under our statutes, the state is not limited to a record entry made on the court records to prove a forfeiture of the recognizance, but may use oral testimony for that purpose; but, in order to default the defendant, he must be called at some time during the term set for his appearance.

ERROR from the district court for Buffalo county. Tried below before SULLIVAN, J. *Reversed.*

*Hector M. Sinclair, Hamer & Hamer* and *Warren Pratt,* for plaintiffs in error.

*Fred A. Nye* and *N. P. McDonald,* for the state.

DUFFIE, C.

November 16, 1897, an information was duly filed in the district court for Buffalo county, Nebraska, charging George F. Hesselgrave with the crime of rape. He was arraigned November 23, 1897, entered a plea of not guilty, and entered into a recognizance in the sum of $2,000, with Floyd F. Gargett and William E. Jakway as sureties. The recognizance is in the following form: "And now on this

day personally came W. E. Jakway and F. F. Gargett and personally acknowledged themselves indebted to the state of Nebraska in the penal sum of $2,000. The conditions of this obligation are such that if the defendant, George F. Hesselgrave, shall be and appear in this court on the first day of the next term thereof, to answer to the charge of rape now pending herein against him and will not depart the court without leave and abide the order of the court, then this obligation to be void, otherwise to remain in full force and effect." The next term of court at which the defendant was to appear was the February, 1898, term. It appears to be conclusively shown that Hesselgrave was present on some of the days of the February term. His case, however, was not called, probably for the reason that the term was what is known as an "equity term"; no jury being called, and no criminal work done, or cases tried which require the impaneling of a jury. Another term of the court was held in May, 1898, and the defendant was present on one or more of the days of the session, but failed to appear when his case was called, and a default was thereupon entered against him and his sureties. This action is brought by the county attorney to recover the sum of $2,000, the amount of the recognizance, and from a judgment entered against them the defendants have taken error to this court.

From the statement above made, it will be observed that the case of the State against Hesselgrave was not called at the February, 1898, term of the district court; that being the term at which Hesselgrave was bound to appear by the conditions of the recognizance in suit. The principal question for our determination is, does a recognizance in the form of the one in controversy bind the defendant to appear from term to term, or has he observed the conditions of his bond by appearing at the first term of court next ensuing, and standing ready to answer to any call of his case which may be made by the court at that term? This question is, we think, fully answered in the opinion filed in *State v. Murdock*, 59 Nebr., 521. The head-note is as

follows: "A recognizance in a bastardy proceeding, conditioned that accused 'shall be and appear before the district court on the first day of the next term thereof, and appear thereat from day to day to abide the order of the court,' is limited to the term at which it exacts the appearance. A continuance of the cause to a subsequent term of court is not within the contract of the recognizance, and, if made, a non-appearance of accused at the term to which the continuance carries the cause is not a breach of such recognizance." It is true that that case is not, properly speaking, a criminal action; but that, to our minds, makes no difference, and does not in the least weaken it as an authority. The terms of the recognizance are the same in each case. Why they should receive a different construction because in the case at bar the recognizance was given in a purely criminal action, and in the other in a bastardy proceeding, is not made clear to us. The parties who executed this recognizance entered into a contract with the state. Why the contract should be differently construed because given in a criminal action, or why their liability should be increased over those who had entered into a like contract in in any other action, is not apparent.

It is insisted by the county attorney that Hesselgrave was not present on each day of the session during the February term, and that in consequence he was in default, and the recognizance forfeited, although his case was not called for any purpose. This, apparently, was the view of the district court, as we gather from instructions eight and nine given to the jury as follows: "If you find from the testimony that the said information was filed by the county attorney, against the said Hesselgrave as alleged in said petition, and further find that the said Hesselgrave did not appear at any time during the February, 1898, term of said court, or if you find that he did appear a part of said time at said court, but was not before said court or in the court room during the last session of said term of said court, and at the time said term adjourned finally, then it would be your duty to find for the plaintiff." "If you believe from

the evidence that the said Hesselgrave was in the court house on the evening that the said February 1898 term of court adjourned finally, but that he was not in the court room during said session and did not make his presence at the court house known to the court, or the county attorney at said time, then you are instructed that this would not be a compliance with the conditions of the recognizance, and the defendants would be liable even though Hesselgrave came into court at the next term but departed the court and absconded before his trial was reached at said second term." The thought conveyed by these two instructions, taken together, is that it was the duty of the defendant Hesselgrave not only to appear at the February term and hold himself in readiness to answer to any call of his case, but that he must also report his presence to the court or to some of the officers of the court, and that if he did not do so he was in default, and that such default might at any term subsequent be entered by the court. If, as is held in *State v. Murdock, supra,* the recognizance is binding and effective only during the term of court at which the defendant is to appear by its terms, it must, we think, be quite apparent that no default or forfeiture can be entered by the court except at that term. In this case, if the recognizance was limited to the February term, then advantage of any breach of these conditions must be taken at that term. If, as a matter of law, it was the duty of the defendant not only to be present at the February term, but to report his presence to the court or its officers, then a failure to do so would probably constitute a default, and a nunc-pro-tunc order entered at a subsequent term would probably be sufficient upon which to base a suit. A careful examination of the authorities convinces us, however, that the defendant was not at fault, and could not be put in default, until his case was called for some purpose during the February term, and he failed to respond to the call. In *State v. Gorley,* 2 Ia., 52, it was held: "Before a default can properly be entered against a defendant who has given a recognizance to appear in court at a certain time, he must

be called, and the record should not only show that he was not present, but that he was called, and this is so much a matter of substance that it can not be dispensed with." In *Urton v. State,* 37 Ind., 339, it was held, that, "In a suit upon a recognizance, the complaint must show that the principal in the recognizance was called and defaulted." In *Dillingham v. United States,* 2 Wash. [U. S. C. C.], 422, 427,, the action was brought to recover the penalty of a recognizance. Judge Washington, in speaking of the question as to what constitutes a breach, used the following language: "For we hold it to be essential to a breach of the condition, upon which the forfeiture is to arise, that the party who is recognized to appear, should be solemnly called before his default is entered; and even if the default can be proved by the parol evidence of the magistrate before whom the appearance was to be, which we very seriously question, it should clearly be proved that the party was called and warned, and neglected to appear. This is far from being a matter of form only, but, on the contrary, it is a humane provision to prevent a forfeiture accruing from the ignorance or inattention of the accused; and if, by the regular proceedings in courts of justice, it has been deemed right to call such person, and to warn him and his sureties of the consequence of his non-appearance, it will not be an easy matter to suggest a reason why this solemnity should be dispensed with by the magistrate, in a case precisely analogous. Mr. Wharton, the magistrate who took this recognizance, proved only that J. Jasper did not appear before him on the day mentioned, yet, for aught that appeared to the contrary, he might have been present at the office of the magistrate on that day, and failed to make it known from an ignorance of the time and manner of doing it. We understand the meaning of the undertaking to be, that his appearance shall be a legal one, that is, to appear when he is called." In *Brown v. People,* 24 Ill. App., 72, the following was held: "It is indispensable to a legal default and declaration of forfeiture of a recognizance, that the principal should have been reg-

ularly called, and upon such call failed to appear." At common law the default of a defendant could only be shown by an entry made on the records of the court. Our statute (Criminal Code, sec. 388) has changed this rule, and provides: "No action brought on any recognizance shall be barred or defeated, nor shall judgment thereon be reversed by reason of any neglect or omission to note or record the default." This section undoubtedly permits the state to prove the default of the defendant by oral testimony, instead of by an entry on the records of the court, when, in consequence of the neglect of the clerk, or any other reason such default was not made a matter of record; but it does not change the practice which must be pursued to put the defendant in default, viz., that his case shall be called, and a failure on his part to answer to the call. Our statute was borrowed from Ohio, and as early as 1853 the supreme court of that state, in *Swank v. State,* declared: "Before the expiration of the term, it is the duty of the state to have the prisoner called, require a new recognizance for his appearance at the next term thereafter, and on failure of the prisoner to enter into the new recognizance, he should be committed to jail." 3 Ohio St., 429, 434. To our minds, it is a self-proving proposition that the defendant can not be put in default of the conditions of a recognizance that has no life, no vitality. He must be called, and his default made to appear during the life of the bond. In *State v. Mackey,* 55 Mo., 51, the court said: "Where pursuant to the terms of his recognizance a prisoner presented himself at the term of court therein named and remained in court during the term ready to obey its orders, and no measures were taken to commit him or otherwise secure his appearance at any subsequent term, on adjournment the bond would be discharged, and could not be forfeited by the failure of the prisoner to present himself at a subsequent term." In addition to the cases above cited, these views are supported by the following cases: *State v. Chesley,* 4 N. H., 366; *State v. Grigsby,* 3 Yerg. [Tenn.], 280; *White v. State,* 5 Yerg. [Tenn.], 183; *Park v. State,* 4 Ga.,

329; *United States v. Rundlett,* 2 Curtis [U. S. C. C.], 41; *Cable v. People,* 46 Ill., 467; *Banta v. People,* 53 Ill., 434.

Holding these views, we recommend that the judgment be reversed and the case remanded, with directions to the district court to allow the state to amend its petition to show, if it can, that the defendant was called and defaulted at any time during the February, 1898, term of court, and, if such showing can not be made, that then the case be dismissed.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.