STATE OF NEBRASKA, APPELLEE, V. FRANK CERSCIRNELLO:
E. N. CERNEY, APPELLANT.

FILED DECEMBER . 4, 1920.    No. 21237.

1. **Recognizances:** FORFEITURE.  A recognizance given in a criminal
action conditioned for the appearance of the accused before the
district court "from day to day, to answer unto the charge pre-
ferred against him, * * * and not to depart from the court
without its leave and to abide the orders and judgments of the
court," can only be forfeited during the term at which it was given.
To hold the surety liable for the nonappearance of the accused,
he must be called and his default entered during the term at
which the recognizance was taken.

2. ———: ———.  If the term of the district court in which an ac-
cused is recognized to appear adjourns without entering his
default and without forfeiting the recognizance, the surety cannot
afterwards be held liable thereunder.

3. ———: CONSTRUCTION.  A recognizance is a contract with the
state ordinarily entered into by the surety without consideration.
It follows that its terms should be strictly construed.

APPEAL from the district court for Douglas county:
ALEXANDER C. TROUP, JUDGE.  *Reversed.*

*William Simeral,* for appellant.

*W. W. Slabaugh* and *Abel V. Shotwell, contra.*

DEAN, J.

This is a suit to recover the penalty on a recognizance
entered into by Frank Cerscirnello, as principal, and E. N.
Cerney, as surety, for the appearance of the principal in
the district court for Douglas county under an informa-
tion charging a felony.  The court under section 9017, Rev.
St. 1913, reduced the amount of the recovery, under the
forfeited recognizance, from $1,000 to $500, and rendered
judgment thereon against the surety for that sum, from
which he appealed.

Frank Cerscirnello was brought into the district court
June 12, 1918, charged with robbery.  He pleaded "not

guilty," and upon his application, on the same day, the court fixed a recognizance for his appearance in the penal sum of $1,000, with E. N. Cerney as surety, and he was released from custody. The case was called for trial March 17, 1919, and upon the failure of Cerscirnello to appear for trial the recognizance on that day "was ordered forfeited and a finding entered that the conditions of said bond had been broken." It was stipulated "that the full September term of the said court intervened between the taking of the recognizance and the forfeiture thereof; and that during the September term of said court the said defendant Cerscirnello was not called for trial, and that said recognizance was not renewed at any time."

The recognizance was conditioned for the appearance of Cerscirnello before the court "from day to day, to answer unto the charge preferred against him," and not to depart therefrom without leave and "to abide the orders and judgments of the court."

The parties agree there is only one disputed question in the case. We think it comes within the rule announced in *Hesselgrave v. State*, 63 Neb. 807, wherein it is said that a recognizance in a criminal action conditioned that the defendant shall be and appear in court on the first day of the next term thereof to answer to the charge pending against him, and which provides that he will not depart the court without leave, and abide the order of the court, "is limited to the term at which it exacts the appearance," and that, "in order to default the defendant, he must be called at some time during the term set for his appearance." To the same effect is *State v. Murdock*, 59 Neb. 521, wherein the recognizance was conditioned that the accused "shall be and appear before the district court on the first day of the next term thereof, and appear thereat from day to day to abide the order of the court." It was there held that the appearance was limited to a term at which the appearance was exacted, and that "a continuance of the cause to a subsequent term of court is not within the contract of the recognizance, and, if made, a

nonappearance of accused at the term to which the continuance carries the cause is not a breach of such recognizance." In 3 R. C. L. 41, sec. 47, it is said: "Where a recognizance in a criminal case is conditioned 'that the principal appear at the next term and thereafter from day to day and not depart without leave,'" and contains the further condition that he " 'shall abide the judgment of the court,' the surety is bound for the appearance of the prisoner during the first term of the court only, and if the court adjourns without making any order, the sureties are exonerated from their recognizance."

Counsel for the state contend that neither the *Hesselgrave* case nor the *Murdock* case is in point, but we fail to see clearly the distinction between the condition of the recognizance in the case at bar and the two cited cases. True, the recognizance in both those cases used the expression "on the first day of the next term thereof;" the *Murdock* case adding these words, "and appear thereat from day to day." If in the present case the surety can be held liable for the nonappearance of his principal after one term of court has intervened between the taking of the recognizance and its forfeiture, he could likewise be held if two terms or if any number of terms intervened, and this merely because the recognizance requires an appearance of the accused "from day to day." In that case the obligation of the bondsman would have a beginning but might be without end.

The giving of "bail bonds" grew out of the humanity of the law, and in a bailable offense the practice is encouraged by the state, in part no doubt on economic grounds. But if a recognizance, in a bailable offense, conditioned as in the present case and without other qualifying words, is held to require the appearance of the accused from day to day, without limitation as to the term of court at which he is to appear, under pain of forfeiture for nonappearance, few persons would assume the burdon of suretyship in a criminal proceeding. A recognizance is a contract with the state ordinarily entered into by the surety without con-

sideration. It. follows that its terms should be strictly construed. The weight of authority seems to support the rule herein announced.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED.