### UNITED STATES v. MACE.

(Circuit Court of Appeals, Eighth Circuit. June 29, 1922.)

No. 5617.

1. **Principal and surety ☞59—Liability strictly construed.**
   The liability of a surety is always strictly construed.

2. **Bail ☞75—Surety liable when case called and bond forfeited at term at which principal bound to appear.**
   A surety on a bail bond is liable when the case against the principal is called and bond forfeited at the term of court at which the principal is bound to appear.

3. **United States commissioners ☞7—Have only powers as to bail of state examining magistrates.**
   Under Rev. St. § 1014 (Comp. St. § 1674), and Judicial Code, § 291 (Comp. St. § 1268), United States commissioners in matters of bail have only such powers as are conferred by state statute on state examining magistrates.

4. **Bail ☞62—Recognizance construed as requiring appearance forthwith at term then in session.**
   Under Cr. Code Neb. § 382, a recognizance taken by a United States commissioner on July 25, 1918, and requiring the accused to appear on the 1st day of the term to be begun and held on July 29th, and from time to time thereafter, required his appearance forthwith at the term then in session, and had no vitality at a subsequent term, where the term in session when the recognizance was taken was still in session on July 29th, and no term was commenced on that day.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Suit by the United States against W. W. Mace on a forfeited recognizance. Judgment for defendant, and the United States brings error. Affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

T. S. Allen, U. S. Dist. Atty., of Lincoln, Neb., and Lloyd A. Mag-
ney, Asst. U. S. Dist. Atty., of Omaha, Neb.

Daniel Horrigan, of Omaha, Neb., for defendant in error.

Before LEWIS and KENYON, Circuit Judges, and JOHNSON,
District Judge.

KENYON, Circuit Judge. On or about July 18, 1918, Joseph Chen-
oweth, in pursuance of an information filed by the Assistant United
States District Attorney for the district of Nebraska, accusing him
of breaking and entering a certain railroad car engaged in interstate
commerce with the intent to commit larceny therein, appeared before
Robert D. Neely, United States commissioner for the district of Ne-
braska, waived examination and executed a certain written recogni-
zance, with W. W. Mace as surety for the appearance of said defend-
ant Joseph Chenoweth to answer the charge in said complaint. As the
matters at issue arise entirely out of the consideration of said recog-
nizance, the same is set out in full, as follows:

"United States of America, District of Nebraska, Omaha Division—ss.:

"Be it remembered, that on this 25th day of July, A. D. 1918, before me, Rob-
ert D. Neely, a United States commissioner for the district of Nebraska,
Omaha division, personally came Joseph Chenoweth, principal, and W. W.
Mace, sureties, and jointly and severally acknowledge themselves to owe the
United States of America the sum of one thousand and no/100 ($1,000.00)
dollars, to be levied on their goods and chattels, lands and tenements, if de-
fault be made in the condition following, to-wit:

"The condition of this recognizance is such, that if the said Joseph Cheno-
weth, principal, shall personally appear before the District Court of the United
States in and for the district aforesaid, on the 1st day of the term to be begun
and held on the 29th day of July, 1918, at 10 o'clock a. m., and from time
to time thereafter to which the case may be continued, and then and there
answer the charge of having, on or about the ———— day of ————, A. D. 19—,
within said district, in violation of section ———— of the Revised Statutes of
the United States unlawfully breaking seal on box car with intent to commit
larceny, and then and there abide the judgment of the said court, and not
depart without leave thereof, then this recognizance to be void, otherwise to
remain in full force and virtue.              "Joseph J. Chenoweth.    [Seal.]
                                              "W. W. Mace.            [Seal.]
    "Taken and acknowledged before me on the day and year first above written.
                                              "Robert D. Neely,
    "[Seal.]                    United States Commissioner as Aforesaid.

"United States of America, District of Nebraska, Omaha Division—ss.:

"W. W. Mace, a surety on the annexed recognizance, being duly sworn, de-
poses and says that he resides at 2511 Jones street, in the city of Omaha,
in said district, that he is a freeholder in the city of Omaha, that he is worth
the sum of two thousand and no/100 ($2,000.00) dollars, over and above all
his just debts and liabilities in property subject to execution and sale, and
that his property consists of an undivided ½ interest in Palace Horse &
Auto Livery Company, located at 2124 Cuming street.
                                     "[Affiant's signature:]  W. W. Mace.
    "Sworn to and subscribed before me this 25th day of July, A. D. 1918.
                                              "Robert D. Neely,
    "[Seal.]                    United States Commissioner as Aforesaid."

On the 21st day of September, being the same April, 1918, term
of the court which was in session at the time the bond was taken, an
indictment was returned against said Chenoweth, by a grand jury of

the district of Nebraska, having jurisdiction of the offense, said offense being the forcible and felonious breaking of a certain car seal attached to a railroad car belonging to the Chicago, Rock Island & Pacific Railroad Company, with intent to commit larceny therein. On the 22d day of October, 1918, defendant Chenoweth pleaded not guilty to said indictment. On the 19th day of December, 1918, it being a new term of the District Court of the United States for the District of Nebraska, Omaha Division, which commenced on the 23d day of September, 1918, the case of the United States of America against said Chenoweth was called for trial and defendant in error, Mace, surety on the recognizance, was notified to produce the said Chenoweth at said time and place for trial. The defendant Chenoweth did not appear, and the court ordered the bond of said defendant and his surety, Mace, forfeited. The defendant in error, Mace, not paying said bond, plaintiff in error, United States of America, brought this action, asking judgment against Mace for the sum of $1,000 and interest thereon at the rate of 7 per cent. from December 18, 1918, and costs of suit.

To the complaint and petition of plaintiff in error, defendant in error, Mace, demurred on the ground that the same did not contain facts sufficient to constitute a cause of action. The demurrer was sustained by the trial court and said cause dismissed. The case is brought to this court by writ of error upon the part of plaintiff. The question at issue is the construction of the recognizance bond.

[1, 2] The liability of a surety is always strictly construed. He is liable on a bail bond when the case against the principal is called and the bond forfeited at the term of court at which the principal is bound to appear. When was the principal Chenoweth bound to appear? The bond provided that Chenoweth should personally appear before the District Court of the United States in and for the District, etc., on the first day of the term to be begun and held on the 29th day of July, 1918, a 10 o'clock a. m., and from time to time thereafter to which the case may be continued. There was no term of the District Court commencing on the 29th day of July, 1918. At that time the April term of the court was in session. The next term of the District Court convened some months later. Did the bond require the principal to appear at the first day of the next term, or forthwith? Evidently the date placed in the bond by the commissioner was a mistake, but that does not alter the rights of the parties in this proceeding. This is not an action to correct the bond, and the question of a mistake is not involved. The proposition before us is entirely as to the construction in law to be given this bond.

[3] The courts of the United States have uniformly held under the federal statutes that United States commissioners have only such powers as to procedure that may be conferred by the state statutes on examining magistrates of the state, and that the United States commissioner can go no further in his procedure than the state examining magistrate could do. Section 1014, Revised Statutes of the United States (Comp. St. § 1674); Judicial Code, § 291 (Comp. St. § 1268). In United States v. Ewing, 140 U. S. 142, 144, 11 Sup. Ct. 743 (35

L. Ed. 388), speaking of section 1014, Revised Statutes, the court says:

"As this section requires proceedings to be taken 'agreeably to the usual mode of process against offenders in such state,' it is proper to look at the law of the state in which the services in such case are rendered, to determine what is necessary and proper to be done, and inferentially for what services the commissioner is entitled to payment."

In United States v. Patterson, 150 U. S. 67, 14 Sup. Ct. 21, 37 L. Ed. 999, Mr. Justice Brewer, speaking for the court, says:

"It was held, in the case of U. S. v. Ewing, 140 U. S. 142, that, in view of section 1014 of the Revised Statutes, the law of the state in which the services are rendered must be looked at, in order to determine what is necessary in the matter of procedure."

In United States v. Sauer (D. C.) 73 Fed. 671, the question is discussed very fully on pages 673 and 674, and the court concludes, in line with the other authorities, as follows:

"Upon careful consideration of section 1014 of the Revised Statutes and authorities above cited, the following conclusions are derived: (1) Section 1014 assimilates all the proceedings for holding accused persons to answer before a court of the United States to the proceedings had for similar purposes under the laws of the state where the proceedings take place. (2) The term, 'agreeably to the usual mode of process against offenders in such state,' as used in the statute, should be so construed as to include all the regulations and steps incident to the proceeding before the commissioner from its commencement to its termination, as prescribed by the state laws, so far as they may be applicable to the federal courts. (3) The authority of the commissioner, therefore, to take bail for the appearance of an accused person to further answer the charge before him is existent or nonexistent accordingly as it may be conferred upon or denied to examining magistrates by the laws of the state in which the proceedings before the commissioner may be pending."

Again, on page 676, the court says:

"To avoid being misunderstood, it is deemed not inappropriate to here repeat what has, in effect, already said, that the statutes of the state should govern commissioners in the matter of arresting, imprisoning, and admitting to bail accused persons, so far as they may be applicable to the federal courts, but in no case should they be held applicable where the federal statutes have prescribed a rule upon the same subject."

In United States v. Keiver (C. C.) 56 Fed. 422, 424, 425, the court says:

"Congress has never undertaken to regulate by statute the process or mode of requiring bail in criminal cases, but, as in most matters of legal procedure, refers such process to the mode prescribed by the statute of the state where the court sits. * * * This statute evidently refers the details of the proceeding to the state statute, and it is by that law that we must determine their regularity and validity."

See, also, United States v. Insley, 54 Fed. 221, 4 C. C. A. 296.

[4] This question would appear by the numerous authorities to be settled. The United States commissioner then in matters of bail being limited to such powers as are conferred by state statute on the examining magistrate of the state, what were the powers of the examining magistrate, Neely? Section 382 of the Criminal Code of Nebraska fixes these powers as to bail, and is as follows:

"Provided, if the offense is bailable, he may be ordered released upon entering into a recognizance in such form as may be fixed by the magistrate with one or more good and sufficient sureties to be approved by him, conditioned that the accused appear forthwith before the District Court, if then in session, and if not in session, then on the first day of the next term thereof, and not to depart * * * without leave. * * * No recognizance requiring the accused to appear at the next term of court shall be rendered invalid by the fact that the court is in session."

This statute clearly provides that the commissioner must fix the time for the appearance of the accused forthwith if the court is then in session, and if not in session then on the first day of the next term. The closing words, "No recognizance requiring the accused to appear at the next term of court shall be rendered invalid by the fact that the court is in session," clearly applies only where the recognizance fixes the next term as the time when the defendant should appear. It will be noted in this bond that the time is not fixed as of the next term. But the language is used, "on the first day of the term to be begun and held on the 29th day of July, 1918."

Taking the language of the bond literally, and in the light of section 382 of the Nebraska Criminal Code herein set forth, the bond can be construed in no other way than to require the appearance of the defendant forthwith at the term of court then in session. If the bond does not mean this under the Nebraska statute it has no meaning. It is to be observed that this term continued for several months after the time of taking this bond, and the defendant Chenoweth was indicted at that term. The provision of the bond that, "and from time to time thereafter to which the case may be continued, * * * and then and there abide the judgment of said court, and not depart without leave," refers to the April term of the court.

In Hesselgrave v. State, 63 Neb. 807, 812, 89 N. W. 295, 297, the Nebraska Supreme Court said:

"To our minds, it is a self-proving proposition that the defendant cannot be put in default of the conditions of a recognizance that has no life, no vitality. He must be called, and his default made to appear, during the life of the bond."

The recognizance in this case is a contract between the government and the surety to produce the defendant Chenoweth at the term of court at which the recognizance was taken. The Nebraska statute is substantially similar to the Ohio statute. The Supreme Court of Ohio has construed the statute of that state along the same theory as the Nebraska Supreme Court has construed the Nebraska statute. Swank v. State, 3 Ohio St. 429.

The bond here under consideration called for the appearance of Chenoweth at the April term, 1918, of the United States District Court, being the term in session at the time the bond was taken. The amended petition filed by the government alleges that Chenoweth was called for trial December 19, 1918. This was the September term, 1918, a term distinct and separate from the April term. The forfeiture was entered at the September term. At that time the bond had no vitality. It may be conceded that a mistake was made in the date of the bond, and the error is an unfortunate one for the government; but this court

must take the bond as it finds it and construe it according to law. It would not be far afield to hold the bond void for uncertainty. The only way it can be sustained at all is to uphold it as a bond applying to the term of court then in session, and limiting its life to that term.

The learned District Court was right in sustaining the demurrer, and its judgment is affirmed.