## UNITED STATES v. DUKE.

(District Court, W. D. Washington, N. D. May 22, 1925.)

No. 8353.

Bail ⬥57—Surety held liable, though there was no term held at time specified.

Surety on bond, conditioned that defendant would appear at term of court "to be begun and held * * * on the 1st day of February, 1924," *held* liable on defendant's failure to appear at May term, though there was no term held in February, in view of Rem. Comp. Stat. Wash. § 1957, which became part of bond and required that defendant appear to answer charges against him "at all times until discharged according to law."

George Duke was charged with a violation of National Prohibition Act, and, on his failure to appear to answer the charge, his bail bond was declared forfeited. On petition of the National Surety Company to set aside forfeiture. Petition denied.

The National Surety Company, on January 24, 1924, before United States Commissioner Bowman, made bond for George Duke to "appear before the District Court of the United States * * * on the day of the —— term to be begun and held at the city of Seattle, Washington, in said district, on the 1st day of February, 1924, and from time to time thereafter to which the cause may be continued, and then and there answer the charge of having on or about the 23d day of

January, A. D. 1924, within said district, in violation of * * * the National Prohibition Act, * * * unlawfully * * * possess and sell intoxicating liquor, and then and there abide the judgment of said court. * * *"

On the 5th of March, 1924, the United States attorney filed an information charging Duke with violating the National Prohibition Act by possessing and selling intoxicating liquor and maintaining a common nuisance. A bench warrant was issued, but the defendant was not apprehended. Thereafter on the 12th day of May, 1924, the defendant was called to answer to such information, and failing to appear, the bond was declared forfeited. The surety company seeks to have the forfeiture set aside because no term of court began on the 1st day of February, and that if the bond is not void, the defendant not being called to answer to the information during the November term, in which the bond was given, and that forfeiture not having been entered, if the bond be valid during the November term the surety was not required to produce the defendant at the next, or May, term.

Robert H. Evans, and Walter Metzenbaum, both of Seattle, Wash., for National Surety Co., petitioner.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash.

NETERER, District Judge (after stating the facts as above). The surety company relies on Joelson v. U. S. (C. C. A.) 287 F. 106, and U. S. v. Mace (C. C. A.) 281 F. 635. I think neither of these cases are decisive.

In the Joelson Case there was no particular time and no particular place when and where the defendant was to appear, and the court said, at page 109:

"Under the terms of the contract, Rosen was under no obligations whatever to appear at any time or place before the court. This omission of the condition was a fatal defect, and the recognizance was a nullity."

In this case, the court, the place, and the time were designated and fixed.

Nor does the case of U. S. v. Mace, supra, help the situation. In the Mace Case Circuit Judge Kenyon for the court said that it is uniformly held under federal statutes that United States commissioners have such powers as to procedure that may be conferred by the state statutes on examining magistrates of the state. See section 1014, R. S.; Comp. Stat. § 674.

The Supreme Court, in U. S. v. Ewing, 140 U. S. 142, 11 S. Ct. 743, 35 L. Ed. 388, said:

"It is proper," under section 1014, supra, "to look at the law of the state in which the services in such case are rendered, to determine what is necessary and proper to be done."

Justice Brewer, in U. S. v. Patterson, 150 U. S. 67, 14 S. Ct. 21, 37 L. Ed. 999, said:

"It was held in the case of U. S. v. Ewing, 140 U. S. 142, that, in view of section 1014 of the Revised Statutes, the law of the state in which the services are rendered must be looked at, in order to determine what is necessary in the matter of procedure."

Section 1957, Rem. Comp. Stat. of Washington, says:

"The recognizance shall be conditioned in effect that the defendant will appear * * * to answer said charge whenever the same shall be prosecuted, and at all times until discharged according to law, render himself amenable to the orders and process of the Superior Court, and if convicted, render himself in execution of the judgment."

The recognizance in this case is a contract between the government and the surety to produce the defendant, not at any term of the court, "but at all times until discharged according to law." The bond in effect so recites, and the statute enters into and becomes a part of the contract. The statute of Washington differs from the Nebraska statute under which the Mace, supra, recognizance was taken, in this: That the Nebraska statute provides, "That the accused appear forthwith before the District Court, if then in session, and if not in session, then on the first day of the next jury term thereof" (Comp. St. Neb. 1922, § 9981), and the court said at page 639:

"It will be noted in this bond that the time is not fixed as of the next term. But the language is used, 'on the first day of the term, to be begun and held on the 29th day of July, 1918.'"

The court further said on the same page:

"The bond here under consideration called for the appearance of Chenoweth at the April term, 1918, of the United States District Court, being the term in session at the time the bond was taken. * * * Forfeiture was entered at the September term. At that time the bond had no vitality."

The Nebraska statute required the accused to appear at a stated term, while the Washington statute required the accused to

appear "at all times until discharged according to law."

The surety failed to produce the defendant, and must be held to the contract obligation.

The petition is denied.