KNECHT ET AL. *v.* STATE OF INDIANA.

[No. 13,255. Filed October 4, 1929.]

*Chauncey W. Duncan* and *Owen S. Boling,* for appellants.

*Arthur L. Gilliom,* Attorney-General, and *Donald R. Mote,* Deputy Attorney-General, for the State.

NEAL, J.—On September 29, 1927, the same being the 22nd judicial day of the September term, 1927, of the Henry Circuit Court, one Clarence Belt (hereinafter called "the defendant"), upon his arraignment, plead guilty to the charge of driving an automobile while under the influence of liquor. The court did not pronounce sentence immediately, but entered an order which reads as follows: "And now said defendant is ordered released upon recognizance to be approved by the sheriff of Henry county, to appear Monday, October 10th, 1927." Thereupon, a recognizance bond was executed by the defendant and appellants as sureties thereon. On October 1, 1927, the sheriff filed with the clerk of the court the defendant's recognizance bond taken and approved by the sheriff, which bond reads as follows omitting the caption:

"We, Clarence Belt as principal, and John A. Knecht and Chester M. DeWitt as sureties, owe the State of Indiana Two Thousand Dollars to be levied of our property.

## "THE CONDITION OF THE ABOVE RECOGNIZANCE IS:

"That if the said Clarence Belt shall personally be before the judge of the Henry Circuit Court, on the first

day of the next term thereof, and at each succeeding term of such court thereafter, to answer to a charge of driving automobile while intoxicated, and abide the order of the court until said cause is determined, and not depart without leave, then this recognizance to be void, else to remain in full force.

> "Clarence C. W. Belt
> "John A. Knecht
> "Chester M. DeWitt."

The defendant was thereupon released from custody of the sheriff and the bond filed with the clerk. On October 22, 1927, and at the September term of the court, the court assumed to forfeit the bond. The sureties were defaulted, the bond forfeited and the clerk ordered to issue notice thereof accordingly. The clerk thereupon issued and mailed a notice to each of the appellants, addressing John A. Knecht at Rushville, Indiana, and Chester M. DeWitt at New Castle, Indiana. On November 2, 1927, the prosecuting attorney filed proof of the mailing of notice to each appellant, which proof is in the words as follow, to wit: "Taylor I. Morris, being duly sworn, upon his oath says that he is deputy clerk of the Henry Circuit Court, residing at New Castle, Indiana; that on the 22nd day of October, 1927, he deposited in the United States mail at New Castle, Indiana, notices of which the attached is a full, true, complete and correct copy, addressed to Chester H. DeWitt, New Castle, Indiana, and John A. Knecht at Rushville, Indiana, and that he placed the proper and necessary postage thereon, and further affiant saith not." The notice directed to appellant reads as follows:

"To: John A. Knecht, Rushville, Indiana, and Chester M. DeWitt, New Castle, Indiana:

"You and each of you are hereby notified that, on the 22nd day of October, 1927, in a certain action entitled

*State of Indiana* vs. *Clarence W. Belt,* Number 4917, pending in the Henry Circuit Court of Henry County, Indiana, in which you and each of you entered into a recognizance bond as sureties for the appearance of the said defendant in the Henry Circuit Court on the 10th day of October, 1927; that, said defendant then and there failing to appear and having since failed and refused to appear; upon the said 22nd day of October, 1927, said bond was ordered by the court to be forfeited, and that if you and each of you do not produce said defendant within ten days after the mailing of this notice and pay all costs and satisfy the court that the defendant's absence was not with the consent or connivance of you and each of you, that the court shall enter judgment at once against you and each of you for the amount of the bond herein.

> "Signed Clark F. Reece
> "Clerk of Henry Circuit Court."

Thereupon, the court, without pleadings and without opportunity for a legal hearing, found that the appellants had been duly notified of the forfeiture of the bond by the mailing of the notices upon October 22, 1927, and that they had failed to produce the body of the defendant in open court in discharge of the recognizance, and that judgment should be rendered against them upon said recognizance in the sum of $2,000, which was accordingly done.

The appellants separately and severally objected and excepted to the finding and judgment of the court, prayed an appeal, and, in this court, jointly and severally assign the following errors: (1) The trial court had no jurisdiction to pronounce the judgment appealed from; (2) the judgment of the trial court is contrary to law; (3) the decision of the trial court is not sustained by

sufficient evidence; (4) the decision of the trial court is contrary to law.

This is a proceeding purporting to be taken under §2 of an act approved March 9, 1927 (Acts 1927 p. 411), which expressly provides for an appeal to this court as in other civil cases without moving for a new trial, and further providing that, on such appeal, the evidence, if any, shall be reviewed.

In the absence of this statute, or the inability to comply with its provisions, the enforcement of a forfeited recognizance would be a civil action and would be controlled by civil procedure. There is no pretense in this case to follow the practice in civil actions. Unless there has been a compliance with its provisions, the attempted forfeiture of such bond, and the judgment based thereon without pleading, summons, or trial, are erroneous. §§255, 332, 417 Burns 1926; *State* v. *Robb, Exr.* (1861), 16 Ind. 413; Acts 1927 p. 411.

The only proof of the giving of notices of default is to be found in the proof of mailing such notices as evidenced by the affidavit of the deputy clerk. It will be observed that the affidavit does not state that the notices were addressed to the sureties at their last or usual residence, or to their known post-office address. There is no evidence from which it may be inferred that the notices ever reached the appellants.

There is no evidence that the amount of the bond was fixed by order of the court, or by it in open session or by indorsement on the warrant, or that the sheriff had authority to name it. On the contrary, the evidence discloses that the recognizance bond was taken and approved by the sheriff of Henry county. It has been held that fixing the amount of the bond is a judicial act and cannot be delegated. *Gregory* v. *State, ex rel.* (1884), 94 Ind. 384, 48 Am. Rep. 162; *State* v. *Winninger* (1881), 81 Ind. 51; *McGuire* v. *State* (1889),

124 Ind. 536, 23 N. E. 85, 25 N. E. 11.   See §2166 Burns 1926.

If we were to hold, in face of the defects above mentioned, that the bond was valid, we would then be confronted with the proposition that the bond was conditioned upon the appearance of the defendant, Clarence Belt, at the next term of the Henry Circuit Court; that the bond was executed on September 29, 1927, the same being the 22nd judicial day of the September term, 1927, of said court; that the next term of court would begin in January, 1928.   It, therefore, necessarily follows that a default could not occur on October 22, 1927, which was still in the September term, at which time the court assumed to order a forfeiture.   *Hesselgrave* v. *State* (1902), 63 Nebr. 807, 89 N. W. 295; *Wheeler* v. *State* (1857), 21 Ga. 153; *Parlan* v. *State* (1862), 19 Ind. 455.   See *Joelson* v. *United States* (1923), 287 Fed. 106; *State* v. *Cerscirnello* (1920), 105 Nebr. 314, 180 N. W. 591; *Roberts* v. *State* (1924), 32 Ga. App. 339, 123 S. E. 151; *Allen* v. *White* (1824), 1 Ala. 289.

Two remedies have been recognized for the enforcement of the forfeited recognizance.   The first was by *scire facias* directed to the sureties requiring them to show cause why judgment should not be entered upon the debt acknowledged in the recognizance, and having an execution issue on the judgment; the other remedy was by an action in the nature of a debt. (*Tanquary* v. *People* [1914], 25 Colo. App. 531, 139 Pac. 1118.)   The remedy adopted by this state, down to the enactment of the acts of 1927, was by an action upon the forfeited recognizance, and a trial *scire facias* without an issue was erroneous.   *Shiel* v. *Ferriter* (1845), 7 Blackf. (Ind.) 574.

We conclude that the evidence fails to show a compliance with the provision of the acts of 1927 (Acts 1927

p. 411) in regard to the forfeiture of a recognizance bond; that the amount of the bond was not fixed by the court as by the law required, and the bond was prematurely forfeited. The conclusions, collectively considered, require a reversal of the judgment. Judgment reversed.