THOMPSON v. STATE OF INDIANA.

[No. 27,792. Filed February 17, 1943.]

*William D. Hardy,* of Evansville, for appellant.

*George N. Beamer,* Attorney General, and *Obed T. Kilgore,* Deputy Attorney General, for appellee.

RICHMAN, C. J.—The surety on a recognizance appeals from a judgment against him in a civil action brought by the prosecuting attorney after an alleged "forfeiture" for failure of the principal to appear. The bond was in the form prescribed by § 9-722, Burns' 1942 Replacement, § 2091, Baldwin's 1934. Notice to the surety of the forfeiture was neither

alleged nor proved. For this reason, regardless of others urged by appellant, the judgment must be reversed.

By the first eight sections of Chapter 132 of the Acts of 1927, the Legislature amended seven and repealed one section of what is generally known as the Criminal Code of 1905, Acts 1905, p. 584, all eight involving procedure in taking and enforcing recognizances. The object sought by these changes is manifest. It was to prescribe one form of recognizance for use "in all cases and in all courts" (Acts 1927, p. 412) and to provide simple and adequate procedure for enforcing the obligation created by the recognizance. We think the legislative aim was accomplished. It would seem also, though we need not herein so decide, that the remedy so provided is exclusive.

The means used was to substitute for the form prescribed in § 82 of the Act of 1905, which by its terms was for use only in justice of the peace courts, a new form to be used in all courts and to add the procedure for enforcement. Most of the changes in the law therefore appear in § 82 as amended, now § 9-722, Burns', *supra*. But the author of the amendments also checked the other sections of the 1905 Act dealing with the same or related subject-matter and made such changes therein as would leave a complete and harmonious act (within the 1905 Act) covering the subject of recognizances. This purpose explains the amendments to §§ 81, 83, 118, 151, 152 and 160, and the repeal of § 144 of the Act of 1905.

No change was made in § 159, § 9-1040, Burns' 1942 Replacement, § 2173, Baldwin's 1934, and appellee relies upon this fact as a basis for the procedure adopted by the prosecuting attorney which ripened into the judgment from which this ap-

peal is taken. We think appellee has a misconception of the effect of this section. The words "is thereupon forfeited" do not mean that there has been a judgment against the surety. They have the same meaning as the words "the court shall thereupon declare the bond forfeited" appearing in two places in § 9-722. So construed § 159 is consistent with the manifest intent of the General Assembly of 1927. Otherwise it cannot be harmonized with the intent that every recognizance shall provide for notice to the obligors and that there shall be no judgment on the recognizance until the surety shall have had the opportunity, within the time fixed in the notice, to produce the principal "and pay all costs and satisfy the court that defendant's absence was not with his consent or connivance," all of which precedes the judgment. If § 159 could not be so harmonized it would be deemed repealed by implication.

We think appellant has confused the real issues herein by relying upon irregularities in the proceedings below preceding the execution of the recognizance. These were waived by its voluntary execution. *Cunningham* v. *State* (1889), 116 Ind. 433, 17 N. E. 904. Some of the confusion perhaps has been caused by the opinion in *Knecht* v. *State* (1929), 90 Ind. App. 46, 168 N. E. 128, which was correctly decided but which contained numerous dicta unnecessary to the decision.

The judgment is reversed with instructions to sustain appellant's demurrer to the complaint.

NOTE.—Reported in 46 N. E. (2d) 600.